**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

| | | |
|---|---|---|
| MUTASEM JARDANEH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 8:18-cv-2415 (PX) |
| | ) | |
| WILLIAM BARR, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————— | ) | |

## ANSWER

The Official Capacity Defendants ("Defendants") answer Plaintiffs' Second Amended Complaint, Dkt. No. 48, as follows.

1. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges.

2. To the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Otherwise, denied.

3. To the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Otherwise, denied.

4. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges.

5. Defendants deny the allegations in the first sentence. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

6. To the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Otherwise, denied.

7. Defendants admit only that they are unaware of any charge, arrest, or conviction for a terrorism-related offense within the United States on the part of any Plaintiff. Insofar as this allegation encompasses any charges, arrests, or convictions for terrorism-related offenses outside of the United States, Defendants lack information sufficient to admit or deny this allegation; further, any such information in the possession of Defendants is protected by statute and privileges. Additionally, to the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "almost all others targeted by the watchlisting system.," and deny the remaining allegations in this paragraph.

8. Defendants deny the allegations in the first sentence. With respect to the allegations in the second sentence, to the extent Plaintiffs are characterizing publicly available statistics, Defendants respectfully refer to those documents which speak for themselves. Otherwise, denied.

9. Defendants deny the allegations contained in the first and third sentences of this paragraph. Defendants neither confirm nor deny the allegations in the second sentence of this paragraph, as that information is protected by statute and privileges. With respect to the allegations in the fourth sentence, Defendants respectfully refer the Court to the referenced media article for a full statement of what that article purported to report; otherwise, denied.

10. Denied.

11. Insofar as these allegations implicate the substance of the rules employed by TSA and CBP's rules-based screening programs, Defendants can neither admit nor deny the allegations, because this information is protected by statute and privileges. Defendants further lack information sufficient to admit or deny whether the described activities are ones "that American Muslims are likely to engage in." Otherwise, Defendants admit only that the reasonable suspicion standard for inclusion in the TSDB is based on the fact-specific totality of the circumstances related to a given individual; nominations to the TSDB must not be based solely on the individual's race, ethnicity, or religious affiliation, nor solely on beliefs and activities protected by the First Amendment. Defendants deny the remaining allegations in this paragraph.

12. Denied.

13. Denied. Furthermore, by this response Defendants do not confirm or deny the authenticity of these purportedly leaked documents.

14. With respect to the first sentence, Defendants admit only that additions to the TSDB have increased over the last decade. Defendants otherwise deny the allegations in this sentence, including but not limited to Plaintiffs' characterization of this increase as "dramatic[]." Defendants admit the allegations in the second and fourth sentences. With respect to the third sentence, Defendants aver that "nominations" reflect all changes to TSDB information, not the placement of unique individuals, but otherwise admit the allegation.

15. With respect to the first sentence, Defendants admit only that the Department of Homeland Security operates the DHS Traveler Redress Inquiry Program ("DHS TRIP"), which is the redress process for individuals who have inquiries or seek resolution regarding difficulties they experienced during their travel screening at transportation hubs, including travelers who have been denied or delayed airline boarding; have been denied or delayed entry into or exit from the U.S. at a port of

entry or border crossing; or have been repeatedly referred to additional (secondary) screening. Otherwise, denied. Defendants deny the remaining allegations contained in this paragraph.

16. Plaintiffs' claims premised on alleged rules-based monitoring have been dismissed, and no response to those allegation is required. The remaining allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges.

17. Plaintiff Rami Khaled El Ali has been dismissed from this action and no response to this paragraph is required.

18. Plaintiff Mia Khaled El Ali has been dismissed from this action and no response to this paragraph is required.

19. Plaintiff Khaled El Ali has been dismissed from this action and no response to this paragraph is required.

20. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

21. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

22. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

23. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

24. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

25. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

26. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

27. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

28. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

29. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

30. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

31. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

32. Plaintiff John Doe 2 has been dismissed from this action and no response to this paragraph is required.

33. Plaintiff Baby Doe has been dismissed from this action and no response to this paragraph is required.

34. Plaintiff Child Doe has been dismissed from this action and no response to this paragraph is required.

35. Plaintiff Child Doe 2 has been dismissed from this action and no response to this paragraph is required.

36. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

37. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

38. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

39. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

40. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

41. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

42. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

43. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

44. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

45. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

46. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

47. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

48. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

49. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

50. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

51. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. Defendants admit the second sentence. The allegations in the third sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

52. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

53. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

54. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

55. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

56. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

57. Defendants admit the first and third sentences. With respect to the second sentence, Defendants admit only that DOJ employees and officials may attend WLAC meetings. Defendants deny that the WLAC is a "government agency"; further, insofar as this sentence incorporates the allegations in paragraph 82, Defendants deny those allegations as set forth in paragraph 82 of this Answer, below. Defendants deny the fourth sentence and aver that the WLAC does not have the authority to take any action that would create official federal policy in the area of watchlisting, but instead operates through the voluntary consensus of participant agencies, each of which acts independently pursuant to and within the boundaries of its own legal authorities. With respect to the fifth sentence, Defendants admit only that certain DOJ components are authorized to make nominations to TSDB. To the extent that this sentence reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated indviduals," and otherwise deny the remaining allegations in the fifth sentence. With respect to the sixth sentence, to the extent that this sentence reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants admit only that the TSC (a component of the FBI, which is in turn a component of the DOJ) maintains the TSDB; that TSC exports subsets of TSDB data to certain foreign governments with which TSC has entered into

foreign partner arrangements; that certain TSA and TSC contractors have access to TSDB information in their capacity as TSA or TSC staff; and that some subsets of the TSDB are exported to the NCIC, a database to which state and local law enforcement entities have access. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated individuals," and otherwise deny the remaining allegations in the sixth sentence. Defendants neither confirm nor deny the allegations in the seventh sentence, as that information is protected by statute and privileges. The allegations in the eighth sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

58. Defendants admit the first and third sentences. With respect to the second sentence, Defendants admit only that FBI employees and officials attend WLAC meetings. Defendants deny that the WLAC is a "government agency"; further, insofar as this sentence incorporates the allegations in paragraph 82, Defendants deny those allegations as set forth in paragraph 82 of this Answer, below. Defendants deny the fourth sentence and aver that the WLAC does not have the authority to take any action that would create official federal policy in the area of watchlisting, but instead operates through the voluntary consensus of participant agencies, each of which acts independently pursuant to and within the boundaries of its own legal authorities. With respect to the fifth sentence, Defendants admit only that the FBI is authorized to make nominations to TSDB. To the extent that this sentence reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens," and otherwise deny the remaining allegations in the fifth sentence. Defendants neither confirm nor deny the allegations in the sixth sentence, as that information is protected by statute and privileges. The allegations in the seventh sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

59. Defendants admit the first and third sentences. With respect to the second sentence, Defendants admit only that the TSC is a co-chair of WLAC meetings. Defendants deny that the WLAC is a "government agency"; further, insofar as this sentence incorporates the allegations in paragraph 82, Defendants deny those allegations as set forth in paragraph 82 of this Answer, below. Defendants deny the fourth sentence and aver that the WLAC does not have the authority to take any action that would create official federal policy in the area of watchlisting, but instead operates through the voluntary consensus of participant agencies, each of which acts independently pursuant to and within the boundaries of its own legal authorities. With respect to the fifth sentence, Defendants admit only that the TSC maintains the TSDB. To the extent that this sentence reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens," and otherwise deny the remaining allegations in the fifth sentence. Defendants neither confirm nor deny the allegations in the sixth sentence, as that information is protected by statute and privileges. The allegations in the seventh sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

60. Defendants deny the first sentence and aver that Christopher Miller is the Director of NCTC. With respect to the second sentence, Defendants admit only that NCTC is a co-chair of WLAC meetings. Defendants deny that the WLAC is a "government agency"; further, insofar as this sentence incorporates the allegations in paragraph 82, Defendants deny those allegations as set forth in paragraph 82 of this Answer, below. Defendants admit the third sentence. Defendants deny the fourth sentence and aver that the WLAC does not have the authority to take any action that would create official federal policy in the area of watchlisting, but instead operates through the voluntary consensus of participant agencies, each of which acts independently pursuant to and within the

11

boundaries of its own legal authorities. With respect to the fifth sentence, Defendants admit only that NCTC is authorized to make nominations to TSDB. To the extent that this sentence reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens," and otherwise deny the remaining allegations in the fifth sentence. Defendants neither confirm nor deny the allegations in the sixth sentence, as that information is protected by statute and privileges. The allegations in the seventh sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

61. Defendants admit the first and second sentences. Defendants deny the third sentence and aver that the WLAC does not have the authority to take any action that would create official federal policy in the area of watchlisting, but instead operates through the voluntary consensus of participant agencies, each of which acts independently pursuant to and within the boundaries of its own legal authorities. With respect to the fourth sentence, Defendants admit only that NSD is authorized to make nominations to TSDB. To the extent that this sentence reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens," and otherwise deny the remaining allegations in the fourth sentence. Defendants neither confirm nor deny the allegations in the fifth sentence, as that information is protected by statute and privileges. The allegations in the sixth sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

62. Defendants admit the first and second sentences. Defendants deny the third sentence and aver that the WLAC does not have the authority to take any action that would create official federal

policy in the area of watchlisting, but instead operates through the voluntary consensus of participant agencies, each of which acts independently pursuant to and within the boundaries of its own legal authorities. With respect to the fourth sentence, to the extent that this sentence reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens," and otherwise deny the remaining allegations in the fourth sentence. Defendants neither confirm nor deny the allegations in the fifth sentence, as that information is protected by statute and privileges. The allegations in the sixth sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

63. Defendants admit the first and second sentences. Defendants deny the third sentence and aver that the WLAC does not have the authority to take any action that would create official federal policy in the area of watchlisting, but instead operates through the voluntary consensus of participant agencies, each of which acts independently pursuant to and within the boundaries of its own legal authorities. With respect to the fourth sentence, to the extent that this sentence reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens," and otherwise deny the remaining allegations in the fourth sentence. Defendants neither confirm nor deny the allegations in the fifth sentence, as that information is protected by statute and privileges. The allegations in the sixth sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

64. Defendants deny the first sentence and aver that John Ratcliffe is Director of National Intelligence. With respect to the second sentence, Defendants admit only that ODNI employees and

officials attend WLAC meetings. Defendants deny that the WLAC is a "government agency"; further,insofar as this sentence incorporates the allegations in paragraph 82, Defendants deny those allegations as set forth in paragraph 82 of this Answer, below. Defendants admit the third sentence. Defendants deny the fourth sentence and aver that the WLAC does not have the authority to take any action that would create official federal policy in the area of watchlisting, but instead operates through the voluntary consensus of participant agencies, each of which acts independently pursuant to and within the boundaries of its own legal authorities. With respect to the fifth sentence, . to the extent that this sentence reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens," and otherwise deny the remaining allegations in the fifth sentence, including but not limited to the allegation that ODNI is authorized to accept nominations to the TSDB. Defendants neither confirm nor deny the allegations in the sixth sentence, as that information is protected by statute and privileges. The allegations in the seventh sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

65. Defendants deny the first sentence and aver that Chad F. Wolf is the Acting Secretary of DHS. With respect to the second sentence, Defendants admit only that DHS employees and officials attend WLAC meetings. Defendants deny that the WLAC is a "government agency"; further, insofar as this sentence incorporates the allegations in paragraph 82, Defendants deny those allegations as set forth in paragraph 82 of this Answer, below. With respect to the third sentence, Defendants admit the allegations as to CBP, PLCY, TSA, USCIS, CRCL, OIA, OGC, PRIV, and I&A; with respect to ICE, Defendants admit only that ICE may participate in WLAC working group(s). Defendants deny the fourth sentence and aver that the WLAC does not have the authority to take any action that would create official federal policy in the area of watchlisting, but instead

14

operates through the voluntary consensus of participant agencies, each of which acts independently pursuant to and within the boundaries of its own legal authorities. With respect to the allegations in the fifth sentence, to the extent that these allegations reflect the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens," and otherwise deny the remaining allegations in the fifth sentence. Defendants admit the sixth sentence – except with respect to Plaintiffs' averments regarding "similarly situated individuals," which Defendants lack information sufficient to admit or deny. Defendants neither confirm nor deny the allegations in the seventh sentence, as that information is protected by statute and privileges. The allegations in the eighth sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

66. Defendants deny the first sentence and aver that Mark A. Morgan is the Chief Operating Officer and Senior Official Performing the Duties of the Commissioner of CBP. With respect to the second sentence, Defendants admit only that CBP employees and officials attend WLAC meetings. Defendants deny that the WLAC is a "government agency"; further, insofar as this sentence incorporates the allegations in paragraph 82, Defendants deny those allegations as set forth in paragraph 82 of this Answer, below. Defendants admit the third sentence. Defendants deny the fourth sentence and aver that the WLAC does not have the authority to take any action that would create official federal policy in the area of watchlisting, but instead operates through the voluntary consensus of participant agencies, each of which acts independently pursuant to and within the boundaries of its own legal authorities. With respect to the allegations in the fifth sentence, to the extent that these allegations reflect the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.

Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens," and otherwise deny the remaining allegations in the fifth sentence. With respect to the sixth sentence, Defendants admit only that CBP is authorized to make nominations to TSDB. To the extent that this sentence reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens," and otherwise deny the remaining allegations in the sixth sentence. Defendants neither confirm nor deny the allegations in the seventh sentence, as that information is protected by statute and privileges. The allegations in the eighth sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

67. Defendants admit the first and third sentences. With respect to the second sentence, Defendants admit only that TSA employees and officials attend WLAC meetings. Defendants deny that the WLAC is a "government agency"; further,insofar as this sentence incorporates the allegations in paragraph 82, Defendants deny those allegations as set forth in paragraph 82 of this Answer, below. Defendants deny the fourth sentence and aver that the WLAC does not have the authority to take any action that would create official federal policy in the area of watchlisting, but instead operates through the voluntary consensus of participant agencies, each of which acts independently pursuant to and within the boundaries of its own legal authorities. With respect to the allegations in the fifth sentence, to the extent that these allegations reflect the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens," and otherwise deny the remaining allegations in the fifth sentence. With respect to the sixth sentence, Defendants admit only that TSA is authorized to make nominations to TSDB. To the extent that this sentence reflects

the watchlist status of particular individuals, Defendants neither admit nor deny the allegations

because that information is protected by statute and privileges. Defendants lack information

sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens," and

otherwise deny the remaining allegations in the sixth sentence. With respect to the seventh sentence,

Defendants admit only that TSA conducts security threat assessments on applicants for employment

at TSA. In conducting these assessments, TSA's eligibility determinations draw on information

provided from multiple government databases, including a Federal Bureau of Investigation database

with criminal history information, as well as the TSDB. An individual's inclusion in one or more

government databases is not determinative of TSA's eligibility determination and merely serves as a

factor indicating that an individual requires further scrutiny. Defendants otherwise deny the

remaining allegations in the seventh sentence. Defendants admit the allegations in the eighth

sentence and further aver that TSA designs and uses two sets of risk-based rules to designate

passengers for enhanced security screening, referred to as Silent Partner and Quiet Skies.

Defendants admit that the Quiet Skies program flags for investigation and surveillance unknown or

partially known terrorists. Defendants neither confirm nor deny the allegations in the ninth sentence

of this paragraph, as that information is protected by statute and privileges. With respect to the

tenth, eleventh, and twelfth sentences, Defendants admit that TSA applies the same checkpoint

screening procedures to individuals Secure Flight designates for enhanced screening, regardless of

whether the individual is designated due to TSDB status, TSA's risk-based rules, randomly, or for

other reasons. Defendants further admit that TSA may nominate Quiet Skies Selectees to the TSDB

and avers that it only does so if TSA has credible information demonstrating the reasonable

suspicion standard for inclusion on the TSDB is met. Defendants further admit that TSA's Silent

Partner program enables TSA to identify passengers for enhanced screening on international flights

bound for the United States, and under TSA's Quiet Skies program, TSA uses a subset of the Silent

Partner rules to identify passengers for enhanced screening on some subsequent domestic and outbound international flights. To the extent the tenth, eleventh, and twelfth sentences seek information protected by statute or privilege, Defendants neither confirm nor deny. Defendants deny the remaining allegations in the tenth, eleventh, and twelfth sentence of this paragraph. The allegations in the thirteenth sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

68. Defendants deny the first sentence and aver that Kenneth T. Cuccinelli is the Senior Official Performing the Duties of the USCIS Director. With respect to the second sentence, Defendants admit only that USCIS employees and officials may attend WLAC meetings. Defendants deny that the WLAC is a "government agency"; further, insofar as this sentence incorporates the allegations in paragraph 82, Defendants deny those allegations as set forth in paragraph 82 of this Answer, below. Defendants admit the third sentence. Defendants deny the fourth sentence and aver that the WLAC does not have the authority to take any action that would create official federal policy in the area of watchlisting, but instead operates through the voluntary consensus of participant agencies, each of which acts independently pursuant to and within the boundaries of its own legal authorities. With respect to the allegations in the fifth sentence, to the extent that this sentence reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens"; aver that USCIS may access information derived from the TSDB in order to conduct background checks pursuant to its authorities; and otherwise deny the remaining allegations in the fifth sentence. With respect to the sixth sentence, Defendants admit only that USCIS is authorized to make nominations to TSDB. To the extent that this sentence reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.

Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens," and otherwise deny the remaining allegations in the sixth sentence. Defendants neither confirm nor deny the allegations in the seventh sentence, as that information is protected by statute and privileges. The allegations in the eighth sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

69. Defendants deny the first sentence and proffer that the Senior Official Performing the Duties of the Deputy Director of ICE is Tae D. Johnson. With respect to the second and third sentences, Defendants admit only that ICE employees and officials may participate in WLAC working group(s). Defendants deny that the WLAC is a "government agency"; further, insofar as the secondsentence incorporates the allegations in paragraph 82, Defendants deny those allegations as set forth in paragraph 82 of this Answer, below. Defendants further deny the remaining allegations in the second and third sentences. Defendants deny the fourth sentence and aver that the WLAC does not have the authority to take any action that would create official federal policy in the area of watchlisting, but instead operates through the voluntary consensus of participant agencies, each of which acts independently pursuant to and within the boundaries of its own legal authorities. With respect to the allegations in the fifth sentence, to the extent that this sentence reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens," and otherwise deny the remaining allegations in the fifth sentence. With respect to the sixth sentence, Defendants admit only that ICE is authorized to make nominations that may post to TSDB. To the extent that this sentence reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American

citizens," and otherwise deny the remaining allegations in the sixth sentence. Defendants neither confirm nor deny the allegations in the seventh sentence, as that information is protected by statute and privileges. The allegations in the eighth sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

70. Defendants deny the first sentence and aver that Patricia Nation is the Officer of the Office for Civil Rights and Civil Liberties of DHS. With respect to the second sentence, Defendants admit only that DHS-CRCL employees and officials may attend WLAC meetings. Defendants deny that the WLAC is a "government agency"; further, insofar as this sentence incorporates the allegations in paragraph 82, Defendants deny those allegations as set forth in paragraph 82 of this Answer, below. Defendants admit the third sentence. Defendants deny the fourth sentence and aver that the WLAC does not have the authority to take any action that would create official federal policy in the area of watchlisting, but instead operates through the voluntary consensus of participant agencies, each of which acts independently pursuant to and within the boundaries of its own legal authorities. Defendants neither confirm nor deny the allegations in the fifth sentence, as that information is protected by statute and privileges. The allegations in the sixth sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

71. Defendants deny the first sentence and aver that Joseph B. Maher is the Senior Official Performing the Duties of the Under Secretary, Office of Intelligence and Analysis ("OIA"). With respect to the second sentence, Defendants admit only that OIA employees and officials may attend WLAC meetings. Defendants deny that the WLAC is a "government agency"; further, insofar as this sentence incorporates the allegations in paragraph 82, Defendants deny those allegations as set forth in paragraph 82 of this Answer, below. Defendants admit the third sentence. Defendants deny the fourth sentence and aver that the WLAC does not have the authority to take any action that would create official federal policy in the area of watchlisting, but instead operates through the voluntary

consensus of participant agencies, each of which acts independently pursuant to and within the boundaries of its own legal authorities. With respect to the allegations in the fifth sentence, Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens," and otherwise deny the remaining allegations in the fifth sentence. Defendants neither confirm nor deny the allegations in the sixth sentence, as that information is protected by statute and privileges. The allegations in the seventh sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

72. Defendants deny the first sentence and aver that Chad Mizelle is the Senior Official Performing the Duties of the General Counsel. With respect to the second sentence, Defendants admit only that DHS Office of General Counsel employees and officials may attend WLAC meetings. Defendants deny that the WLAC is a "government agency"; further, insofar as this sentence incorporates the allegations in paragraph 82, Defendants deny those allegations as set forth in paragraph 82 of this Answer, below. Defendants admit the third sentence. Defendants deny the fourth sentence and aver that the WLAC does not have the authority to take any action that would create official federal policy in the area of watchlisting, but instead operates through the voluntary consensus of participant agencies, each of which acts independently pursuant to and within the boundaries of its own legal authorities. Defendants neither confirm nor deny the allegations in the fifth sentence, as that information is protected by statute and privileges. The allegations in the sixth sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

73. Defendants admit the first and third sentences. With respect to the second sentence, Defendants admit only that DHS Policy employees and officials may attend WLAC meetings. Defendants deny that the WLAC is a "government agency"; further, insofar as this sentence incorporates the allegations in paragraph 82, Defendants deny those allegations as set forth in

paragraph 82 of this Answer, below. Defendants deny the fourth sentence and aver that the WLAC does not have the authority to take any action that would create official federal policy in the area of watchlisting, but instead operates through the voluntary consensus of participant agencies, each of which acts independently pursuant to and within the boundaries of its own legal authorities. With respect to the allegations in the fifth sentence, Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens," and otherwise deny the remaining allegations in the fifth sentence. With respect to the sixth sentence, to the extent that this sentence reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. With respect to the sixth sentence, Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens," and otherwise deny the remaining allegations in the sixth sentence. Defendants neither confirm nor deny the allegations in the seventh sentence, as that information is protected by statute and privileges. The allegations in the eighth sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

74. Defendants deny the first sentence and aver that Dena Kozanas is the Chief Privacy Officer of the DHS Privacy Office ("DHS Privacy"). With respect to the second sentence, Defendants admit only that DHS Privacy employees and officials may attend WLAC meetings. Defendants deny that the WLAC is a "government agency"; further, insofar as this sentence incorporates the allegations in paragraph 82, Defendants deny those allegations as set forth in paragraph 82 of this Answer, below. Defendants admit the third sentence. Defendants deny the fourth sentence and aver that the WLAC does not have the authority to take any action that would create official federal policy in the area of watchlisting, but instead operates through the voluntary consensus of participant agencies, each of which acts independently pursuant to and within the boundaries of its own legal authorities. With respect to the allegations in the fifth sentence, Defendants lack

information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens," and otherwise deny the remaining allegations in the fifth sentence. With respect to the sixth sentence, to the extent that this sentence reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens," and otherwise deny the remaining allegations in the sixth sentence. Defendants neither confirm nor deny the allegations in the seventh sentence, as that information is protected by statute and privileges. The allegations in the eighth sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

75. Defendants admit the first and third sentences. With respect to the second sentence, Defendants admit only that State Department employees and officials may attend WLAC meetings. Defendants deny that the WLAC is a "government agency"; further, insofar as this sentence incorporates the allegations in paragraph 82, Defendants deny those allegations as set forth in paragraph 82 of this Answer, below. Defendants deny the fourth sentence and aver that the WLAC does not have the authority to take any action that would create official federal policy in the area of watchlisting, but instead operates through the voluntary consensus of participant agencies, each of which acts independently pursuant to and within the boundaries of its own legal authorities. With respect to the fifth sentence, Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens." Defendants neither admit nor deny the remaining allegations contained in the fifth sentence, because that information—including but not limited to the watchlist status of particular individuals, as well as the purposes for which the State Department may use the TSDB—is protected by statute and privileges. Defendants neither confirm nor deny the allegations in the sixth sentence, as that information is protected by statute and

privileges. The allegations in the seventh sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

76. Defendants deny the first sentence and aver that Mark Esper is the Secretary of Defense. With respect to the second sentence, Defendants admit only that DoD employees and officials may attend WLAC meetings. Defendants deny that the WLAC is a "government agency"; further, insofar as this sentence incorporates the allegations in paragraph 82, Defendants deny those allegations as set forth in paragraph 82 of this Answer, below. Defendants admit the third sentence. Defendants deny the fourth sentence and aver that the WLAC does not have the authority to take any action that would create official federal policy in the area of watchlisting, but instead operates through the voluntary consensus of participant agencies, each of which acts independently pursuant to and within the boundaries of its own legal authorities. With respect to the fifth sentence, Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens." Defendants neither admit nor deny the remaining allegations contained in the fifth sentence, because that information—including but not limited to the watchlist status of particular individuals, as well as the purposes for which DoD may use the TSDB—is protected by statute and privileges. Defendants neither confirm nor deny the allegations in the sixth sentence, as that information is protected by statute and privileges. The allegations in the seventh sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

77. Defendants admit the first and third sentences. With respect to the second sentence, Defendants admit only that NSA employees and officials may attend WLAC meetings. Defendants deny that the WLAC is a "government agency"; further, insofar as this sentence incorporates the allegations in paragraph 82, Defendants deny those allegations as set forth in paragraph 82 of this Answer, below. Defendants deny the fourth sentence and aver that the WLAC does not have the

authority to take any action that would create official federal policy in the area of watchlisting, but instead operates through the voluntary consensus of participant agencies, each of which acts independently pursuant to and within the boundaries of its own legal authorities. With respect to the fifth sentence, Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens." Defendants neither admit nor deny the remaining allegations contained in the fifth sentence, because that information—including but not limited to the watchlist status of particular individuals, as well as the purposes for which the NSA may use the TSDB—is protected by statute and privileges. Defendants neither confirm nor deny the allegations in the sixth sentence, as that information is protected by statute and privileges. The allegations in the seventh sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

78. Defendants deny the first sentence and aver that Lieutenant General Scott D. Berrier is the Director of the DIA. With respect to the second sentence, Defendants admit only that DIA employees and officials may attend WLAC meetings. Defendants deny that the WLAC is a "government agency"; further, insofar as this sentence incorporates the allegations in paragraph 82, Defendants deny those allegations as set forth in paragraph 82 of this Answer, below. Defendants admit the third sentence. Defendants deny the fourth sentence and aver that the WLAC does not have the authority to take any action that would create official federal policy in the area of watchlisting, but instead operates through the voluntary consensus of participant agencies, each of which acts independently pursuant to and within the boundaries of its own legal authorities. With respect to the fifth sentence, Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens." Defendants neither admit nor deny the remaining allegations contained in the fifth sentence, because that information—including but not limited to the watchlist status of particular individuals, as well as the purposes for which the DIA

25

may use the TSDB—is protected by statute and privileges. Defendants neither confirm nor deny the allegations in the sixth sentence, as that information is protected by statute and privileges. The allegations in the seventh sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

79. Defendants admit the first and third sentences. With respect to the second sentence, Defendants admit only that Treasury employees and officials may attend WLAC meetings. Defendants deny that the WLAC is a "government agency"; further, insofar as this sentence incorporates the allegations in paragraph 82, Defendants deny those allegations as set forth in paragraph 82 of this Answer, below. Defendants deny the fourth sentence and aver that the WLAC does not have the authority to take any action that would create official federal policy in the area of watchlisting, but instead operates through the voluntary consensus of participant agencies, each of which acts independently pursuant to and within the boundaries of its own legal authorities. With respect to the allegations in the fifth sentence, Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens." Defendants deny that Treasury shares TSDB information with private financial institutions. Otherwise, Defendants neither admit nor deny the remaining allegations contained in the fifth sentence, because that information—including but not limited to the watchlist status of particular individuals, as well as the purposes for which the Treasury Department may use the TSDB—is protected by statute and privileges. Defendants neither confirm nor deny the allegations in the sixth sentence, as that information is protected by statute and privileges. The allegations in the seventh sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

80. Defendants admit the first and third sentences. With respect to the second sentence, Defendants admit only that FinCEN employees and officials may attend WLAC meetings. Defendants deny that the WLAC is a "government agency"; further, insofar as this sentence

incorporates the allegations in paragraph 82, Defendants deny those allegations as set forth in

paragraph 82 of this Answer, below. Defendants deny the fourth sentence and aver that the WLAC

does not have the authority to take any action that would create official federal policy in the area of

watchlisting, but instead operates through the voluntary consensus of participant agencies, each of

which acts independently pursuant to and within the boundaries of its own legal authorities. With

respect to the allegations in the fifth sentence, Defendants lack information sufficient to admit or

deny Plaintiffs' averments regarding "similarly situated American citizens."  Defendants deny that

FinCEN shares TSDB information with private financial institutions. Otherwise, Defendants neither

admit nor deny the remaining allegations contained in the fifth sentence, because that information—

including but not limited to the watchlist status of particular individuals, as well as the purposes for

which FinCEN may use the TSDB—is protected by statute and privileges. Defendants neither

confirm nor deny the allegations in the sixth sentence, as that information is protected by statute

and privileges. The allegations in the seventh sentence constitute conclusions of law and/or

characterizations of the action, to which no response is required.

81. Defendants admit the first sentence. With respect to the second sentence, Defendants admit

only that CIA employees and officials may attend WLAC meetings. Defendants deny that the WLAC

is a "government agency"; further, insofar as this sentence incorporates the allegations in paragraph

82, Defendants deny those allegations as set forth in paragraph 82 of this Answer, below.

Defendants deny the third sentence and aver that the WLAC does not have the authority to take any

action that would create official federal policy in the area of watchlisting, but instead operates

through the voluntary consensus of participant agencies, each of which acts independently pursuant

to and within the boundaries of its own legal authorities. With respect to the allegations in the

fourth sentence, Defendants lack information sufficient to admit or deny Plaintiffs' averments

regarding "similarly situated American citizens Defendants neither admit nor deny the remaining

allegations contained in the fourth sentence, because that information—including but not limited to the watchlist status of particular individuals, as well as the purposes for which the CIA may use the TSDB—is protected by statute and privileges. Defendants neither confirm nor deny the allegations in the fifth sentence, as that information is protected by statute and privileges. The allegations in the seventh sentence constitute conclusions of law and/or characterizations of the action, to which no response is required.

82. Denied. Defendants aver that the WLAC does not have the authority to take any action that would create official federal policy in the area of watchlisting, but instead operates through the voluntary consensus of participant agencies, each of which acts independently pursuant to and within the boundaries of its own legal authorities.

83. No response is required from the Defendants on whose behalf this Answer is filed.

84. No response is required from the Defendants on whose behalf this Answer is filed.

85. These allegations constitute characterizations of the action, to which no response is required.

86. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

87. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

88. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

89. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

90. These allegations constitute conclusions of law and/or characterizations of the action, to which no response is required. To the extent a response is deemed required, denied.

91. These allegations constitute conclusions of law and/or characterizations of the action, to which no response is required. To the extent a response is deemed required, denied.

92. To the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Otherwise, denied, except to admit venue as to Plaintiffs who reside in this district; that Defendants are officers or employees of agencies of the United States sued in their official capacities; and that some Defendants regularly conduct business in the State of Maryland.

93. With regard to the first sentence of this paragraph, Defendants admit that the TSC was created in September 2003 pursuant to HSPD-6, and that it maintains the government's consolidated terrorist watchlist, the "Terrorist Screening Database" or "TSDB." Defendants also admit the other allegations in this paragraph, except to aver that the TSDB includes records related to known or suspected terrorists.

94. Defendants deny the allegations contained in the first sentence, and admit the allegations contained in the second sentence.

95. Defendants admit only that the reasonable suspicion standard for inclusion in the TSDB is based on the fact-specific totality of the circumstanes related to a given individual; nominations to the TSDB must not be based solely on the individual's race, ethnicity, or religious affiliation, nor solely on beliefs and activities protected by the First Amendment. Otherwise, denied.

96. The allegations contained in the first setence constitute conclusions of law to which no response is required. Additionally, these allegations are vague, compound and ambiguous, and Defendants therefore lack information sufficient to admit or deny them. To the extent a response is deemed required, Defendants deny that "[a]nyone listed in the TSDB" experiences "adverse repercussions." Defendants deny the allegations contained in the second sentence of this paragraph.

97. Defendants admit only that the No Fly List, Selectee List, and Expanded Selectee Lists are each, respectively, subsets of the TSDB that are employed by TSA in furtherance of its statutory mandate; otherwise, denied.

98. Denied.

99. With respect to the allegations contained in the first sentence, Defendants admit only that TSDB Listees may also be categorized under the Selectee List if additional heightened substantive derogatory criteria are met; otherwise, denied. The allegations contained in the second sentence characterize and partially quote a purportedly leaked document, and by this response the Defendants neither admit nor deny the authenticity, content or accuracy of that document because that information is protected by privileges. The content of the Watchlisting Guidance is protected by statute and privileges.

100. With respect to the first sentence, Defendants admit only that individuals selected for enhanced screening by TSA have their boarding passes marked "SSSS," and TSA applies the same checkpoint screening procedures to such individuals, regardless of whether the individual is designated due to TSDB status, randomly, or for other reason; otherwise, denied. Defendants deny the allegations contained in the second sentence.

101. With respect to the allegations contained in the first sentence, Defendants admit only that TSDB Listees may also be categorized under the No Fly List if additional heightened substantive derogatory criteria are met; otherwise, denied. Defendants admit the allegations contained in the second sentence.

102. Defendants admit only that persons on the No Fly List -- previously including Mr. Bosnic and Mr. Shirwa -- are prevented from boarding flights that fly into, out of, or through the United States. To the extent that this paragraph reflects the watchlist status of other individuals, Defendants

neither admit nor deny the allegations because that information is protected by statute and privileges.

103. Defendants admit only that subsets of the TSDB are used in screening, vetting and/or inspection at the border, as appropriate. Otherwise, denied.

104. With respect to the allegations contained in the first setence, Defendants admit only that CBP does not employ the No Fly List, Selectee List, or Expanded Selectee List; otherwise, denied. Defendants deny the allegations contained in the second sentence of this paragraph.

105. Defendants deny the allegations contained in the first sentence. The remaining allegations in this paragraph purport to characterize CBP Directive No. 3340-049A, to which the Court is respectfully referred for a full and accurate statement of its contents.

106. With respect to the allegations contained in the first and second sentences, Defendants admit only that some TSDB information is exported through the National Crime Information Center ("NCIC"), a computerized information system administered by the FBI, which serves to provide criminal information to nationwide law enforcement agencies, including access to KST File. The allegations contained in the third sentence are vague, compound and ambiguous, and Defendants therefore lack information sufficient to admit or deny them. To the extent a response is deemed required, Defendants admit only that TSC includes handling codes in its exports to NCIC; otherwise, denied. The allegations contained in the fourth sentence purport to summarize or quote a document attached to the Second Amended Complaint, to which the court is referred for a full and accurate statement of its contents. Defendants neither admit nor deny that the contents of the referenced document match any privileged information within the possession of the government and aver that handling codes are protected by the law enforcement privilege.

107. The allegations in the first four sentences of this paragraph purport to characterize the findings of reports issued by the DOJ's Office of the Inspector General in 2005 and 2007,

respectively. The Court is respectfully referred to these reports for a full and accurate statement of their contents. Defendants neither admit nor deny the allegations in the fifth sentence because that information is protected by statute and privileges.

108. Defendants admit only that there are certain limited exceptions to the reasonable suspicion standard for inclusion in the TSDB that are used only for certain, limited screening functionss conducted by DHS and the Department of State; individuals placed in the TSDB pursuant to these exceptions are not considered "known or suspected terrorists," and are not screened as such. Defendants neither admit or deny the remaining allegations contained in this paragraph because that information is protected by statute and privileges.

109. With respect to the allegations contained in the first and second sentences, Defendants admit only that the "SSSS" notation applies to all passengers designated for enhanced screening, and that TSA may designate aviation passengers for enhanced screening for a variety of reasons, including random selection, matching to one of TSA's risk-based rules, TSDB status, or for other reasons. Defendants deny the remaining allegations in the first and second sentences. Defendants deny that rules flag passengers as "unknown or partially known terrorists." Defendants neither confirm nor deny the remaining allegations in this paragraph because the information is protected by statute and privileges.

110. Defendants deny that a boarding pass marked ""SSSS"" ""mean[s] that the government has designated [persons receiving such a boarding pass] as terrorists."" Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

111. Defendants deny that a boarding pass marked ""SSSS"" ""mean[s] that the individual so designated is a known or suspected terrorist."" Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

112. Defendants admit only that TSA may nominate Quiet Skies Selectees to the TSDB, and aver that TSA only does so if it has credible information demonstrating the reasonable suspicion standard for inclusion on the TSDB is met. Defendants deny the remaining allegations in this paragraph.

113. Denied.

114. Defendants neither confirm nor deny the allegations in this paragraph, as that information is protected by statute and privileges.

115. Denied.

116. Defendants admit that TSA has not claimed to end the Quiet Skies program. Defendants deny the remaining allegations contained in this paragraph.

117. With respect to the allegations in the first and second sentences, Defendants admit only that CBP uses risk-based targeting rules to assist in identifying individuals who may warrant additional scrutiny; otherwise, denied. With respect to the allegations in the third sentence, Defendants admits only that CBP may nominate persons who qualify for its targeting rules to the TSDB and aver that CBP only does so if it has credible information demonstrating the reasonable suspicion standard for inclusion on the TSDB is met. Defendants deny the remaining allegations in this paragraph.

118. Denied.

119. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated Americans." Defendants neither confirm nor deny the remaining allegations in this paragraph, because such information is protected by statute and privileges.

120. Defendants aver that TSA has final authority over decisions about placement on the No Fly List at the conclusion of the redress process; otherwise, admitted.

121. Admit that nominations of known or suspected international terrorists are submitted by federal departments and agencies and are processed through NCTC, which forwards certain identities for inclusion in TIDE. Further admit that the FBI is responsible for all nominations of known or suspected domestic terrorists, and submits those domestic terrorist identity nominations directly to the TSC. Otherwise, denied.

122. Defendants admit only that TSA, CBP, ICE, USCIS, DHS I&A, and U.S. Coast Guard (USCG) are able to nominate individuals for inclusion in the TSDB

123. Denied.

124. Admit that TSC determines whether the substantive criteria for inclusion in the TSDB are met by a nomination. Deny the third sentence.

125. The allegations in this paragraph purport to partially quote and characterize unspecified public testimony of the former Director of TSC. The Court is respectfully referred to such testimony for a full and accurate statement of its contents.

126. Admit, except to aver that Defendants have made public the substantive derogatory criteria for inclusion on the No Fly List and the general standard for inclusion in the TSDB.

127. Denied.

128. Defendants deny the first and fourth sentences. Defendants can neither admit nor deny the allegations in the second and thrid sentences because they are ambiguous and a full response requires the inclusion of information protected by statute and privileges.

129. Defendants can neither admit nor deny the allegations in this paragraph because the sentence is ambiguous, and a full response requires the inclusion of information protected by privileges.

130. Admit that an acquittal or dismissal of terrorism-related criminal charges does not disqualify an individual for inclusion in the TSDB, where that individual otherwise meets the standards for inclusion in the TSDB.

131. The allegations in this paragraph are vague, compound and ambiguous, and Defendants therefore lack information sufficient to admit or deny them. To the extent a response is required, denied.

132. Admit that information about a specific target for a terrorist attack is not required for placement in the TSDB. Otherwise, denied.

133. Defendants can neither admit nor deny the allegations in this paragraph because the information is protected by statute and privileges.

134. Defendants aver that the criteria for inclusion on the No Fly List are public and respectfully refer the Court to those criteria for a full and accurate statement of their contents. To the extent a further response is required, Defendants admit that some of the substantive derogatory criteria for placement on the No Fly List may be met without specific information about an aviation-related threat.

135. Defendants admit the allegations contained in the first two sentences and aver that "nominations" do not reflect placement of unique individuals, but all changes to TSDB information. The allegations contained in the third sentence are vague, compound, and ambiguous, and therefore Defendants lack information sufficient to admit or deny the allegations in the third sentence. To the extent a response to this sentence is deemed required, Defendants aver that "nominations" do not reflect placement of unique individuals, but all changes to TSDB information, and admit that the acceptance rate for all nominations is above 98%. Defendants deny the allegations contained in the fourth sentence, and aver that "nominations" do not reflect placement of unique individuals, but all changes to TSDB information. The fifth sentence purports

35

to characterize facts in a 2007 GAO report, to which the Court is respectfully referred for a full and accurate statement of its contents.

136. Defendants deny the allegations contained in the first and second sentences of this paragraph. Defendants admit the third sentence

137. The allegations in this paragraph are vague and ambiguous; Defendants do not know what is meant by "systematically prevented from flying," and therefore lack information sufficient to admit or deny the allegations in this paragraph. To the extent a response is deemed required, denied.

138. Denied.

139. The allegations in this paragraph purport to characterize and partially quote Congressional testimony, to which the Court is referred for a full and accurate statement of its contents.

140. Defendants deny the allegations in the first sentence. The allegations contained in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied

141. Defendants admit only that TSC exports subsets of TSDB data to certain foreign governments with which TSC has entered into foreign partner arrangements, and that these governments include all Visa Waiver Program countries; and that some subsets of the TSDB are exported to the National Crime Information Center ("NCIC"), a database to which state and local law enforcement entities have access. Otherwise, denied.

142. Admit that subsets of the TSDB are made available to other federal agencies, including TSA, for use in screening, vetting and/or inspection, as appropriate. Otherwise, denied.

143. Defendants admit only that Mr. Bosnic and Mr. Shirwa were both previously on the No Fly List and subsequently removed, and that during the periods when Mr. Bosnic and Mr. Shirwa were, respectively, on the No Fly List, their respective statuses were made available under limited circumstances to entities authorized to receive TSDB information for official purposes. Otherwise,

Defendants neither admit nor deny the allegations in this paragraph because they reflect watchlist status of particular individuals – information which is protected by statute and privileges.

144. Defendants neither admit nor deny the allegations in this paragraph because they reflect watchlist status of particular individuals and alleged confidential communications with foreign governments – information which is protected by statute and/or privileges.

145. Deny the first sentence, except (1) to the extent that this sentence reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens," which Defendants lack information sufficient to admit or deny. The allegations in the second sentence are vague, compound and ambiguous, and therefore and Defendants therefore lack information sufficient to admit or deny them. To the extent a response is required, Defendants lack sufficient information to confirm or deny the truth of the allegations in this sentence.

146. With respect to the first sentence, Defendants aver that TSA has final authority over decisions about placement on the No Fly List at the conclusion of the redress process; otherwise, admitted. Defendants deny the second sentence.

147. Denied.

148. With respect to the allegations contained in the first sentence, Defendants admit only that subsets of the TSDB are used in a variety of authorized screening processes. With respect to the allegations contained in the second sentence, Defendants admit that with respect to TSA's eligibility determinations, TSA draws on information provided from multiple government databases, including an FBI database with criminal history information, as well as TSA's export of the TSDB. Defendants further admit that if TSA's database checks reveal a potential concern, TSA will review the available substantive information and other available relevant information regarding the applicant against the

eligibility standards of the particular program to which the applicant belongs or has applied. Defendants aver that an individual's inclusion in one or more government databases is not determinative of TSA's eligibility determination and merely serves as a factor indicating that an individual requires further scrutiny. Otherwise, denied.

149. Denied, except to the extent that it reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges.

150. Denied, except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated individuals," which Defendants lack information sufficient to admit or deny.

151. Denied.

152. The allegations in this paragraph are compound, vague, and ambiguous, and Defendants therefore lack information sufficient to admit or deny them. To the extent a response is required, denied, except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated individuals," which Defendants lack information sufficient to admit or deny.

153. Defendants admit only that TSC exports subsets of TSDB data to certain foreign governments with which TSC has entered into foreign partner arrangements; that certain TSA and TSC contractors have access to TSDB information in their capacity as TSA or TSC staff; and that some subsets of the TSDB are exported to the NCIC, a database to which state and local law enforcement entities have access. Otherwise, denied.

154. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated individuals."Defendants can neither admit nor deny the remaining allegations in this paragraph because they reflect TSDB status of particular individuals – information which is protected by statute and privileges.

155-156. The allegations in these paragraphs purport to partially quote and characterize a public statement by former TSC Director Christopher Piehota, as quoted in media reporting, to which the Court is referred for a full and accurate statement of its contents.

157. Defendants lack sufficient information to confirm or deny the allegations in the first sentence, except to the extent that it reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges. The second sentence is denied, except to the extent that it reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges.

158. Denied, except (1) to admit that some subsets of the TSDB are exported to the NCIC; (2) to the extent that these allegations reflect the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges; and (3)  with respect to Plaintiffs' averments regarding "similarly situated watchlisted individuals," which Defendants lack information sufficient to admit or deny.

159. Denied, except to the extent that it reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges.

160. With respect to the allegations contained in the first sentence, Defendants admit only that there are approximately 533 non-governmental entities that have access to NCIC, and thus the KST; such entities include: private correctional facilities; private security services for governmental

facilities and hospitals; entities providing criminal justice dispatching services or data processing/information services to governmental criminal justice agencies; private probation and pretrial services entities; private city attorneys; and other entities similarly performing criminal justice services. These other entities are: a private police department for an airport; a private police department for a transportation authority; private police departments for two private incorporated communities; law enforcement divisions of certain SPCAs; an inmate transport service; an entity that provides forensic services to detect and identify criminals; and court constable services. Defendants otherwise deny the allegations contained in the first sentence. With respect to the allegations contained in the second sentence, Defendants deny any regular or general practice of disclosing watchlist data to additional private entities, but admit that in some particular circumstances information derived from the TSDB may be disclosed to other non-governmental entities.

161. Defendants lack sufficient information to confirm or deny the allegations in this paragraph, except to the extent that it reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges.

162. Defendants lack sufficient information to confirm or deny the truth of the allegations regarding interpretation of state law. Defendants further lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," or "similarly situated individuals." Otherwise, denied except to the extent that it reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges.

163. With respect to the first sentence, Defendants admit only that there is no federal legal prohibitor from a TSDB listee purchasing a firearm; Defendants lack information sufficient to admit or deny the remaining allegations in this sentence. Defendants deny the allegations contained in the

second sentence, and admit the allegation contained in the third sentence. With respect to the fourth

sentence, Defendnats lack information sufficient to admit or deny Plaintiffs' averments regarding

"similarly situated American citizens,"" and deny that the FBI's National Instant Criminal

Background Check System (""NICS"") instructs Federal Firearms Licencees (""FFLs"") to deny

prospective firearm purchases on the basis of TSDB status. The fifth sentence purports to

characterize the findings of a 2016 GAO report, to which the Court is respectfully referred for a full

and accurate statement of its contents.

164. Defendants admit that the federal government conducts a security risk assessment before it

will issue or renew a Hazmat license, and/or a license to commercial drivers to transport hazardous

materials, and that this security risk assessment includes a review of TSDB information. Defendants

deny the remaining allegations contained in this paragraph, except (1) to the extent that this

paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor

deny because that information is protected by statute and privileges, and (2) with respect to

Plaintiffs' averments regarding "similarly situated American citizens," which Defendants lack inform

165. Defendants admit the allegations contained in the third sentence of this paragraph. With

respect to the allegations contained in the first, second, and fourth sentences of this paragraph,

Defendants admit only that TSA conducts security threat assessments on a range of individuals with

privileged access to the transportation sector, including those with access to Security Identification

Display Areas, sterile areas, and Air Operations Areas at U.S. airports, and to secure areas of the

nation's maritime facilities and vessels; that in conducting security threat assessments, TSA's eligibility

determinations draw on information provided from multiple government databases, including an

FBI database with criminal history information, as well as the TSDB; that if TSA's database checks

reveal a potential concern, TSA will review the available substantive information and other available

relevant information regarding the applicant against the eligibility standards of the particular

program to which the applicant belongs or has applied; and that an individual's inclusion in one or more government databases is not determinative of TSA's eligibility determination and merely serves as a factor indicating that an individual requires further scrutiny. Defendants deny the remaining allegations in this paragraph.

166. Defendants admit only that TSA conducts security threat assessments on FAA certificate applicants and holders; that in conducting security threat assessments, TSA's eligibility determinations draw on information provided from multiple government databases, including an FBI database with criminal history information, as well as the TSDB; that if TSA's database checks reveal a potential concern, TSA will review the available substantive information and other available relevant information regarding the applicant against the eligibility standards of the particular program to which the applicant belongs or has applied; and that an individual's inclusion in one or more government databases is not determinative of TSA's eligibility determination and merely serves as a factor indicating that an individual requires further scrutiny. Defendants deny the remaining allegations in this paragraph, except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens," which Defendants lack information sufficient to admit or deny.

167. Admit that TSA prohibits air carriers and airport operators from authorizing non-traveling individuals or non-travelers, as defined at 49 C.F.R. § 1560.3, as well as certain persons authorized to work at an airport who do not require airport-issued identification media, to enter the sterile areas of an airport if their identities are a match to certain subsets of the TSDB. Deny that listing in the TSDB results is a mandatory disqualifier for an application to hold airport-issued identification media granting access to the security identification display area or sterile area of an airport. Deny that the Defendants make employment decisions for airports or airlines. Otherwise, denied except

42

(1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens," which Defendants lack information sufficient to admit or deny.

168. Denied, except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated individuals," which Defendants lack information sufficient to admit or deny.

169. Denied.

170. Denied.

171. Denied.

172. Defendants deny the allegations contained in the first and second sentences. With respect to the allegations contained in the third sentence, Defendants admit only that TSA applies the same checkpoint screening procedures to individuals TSA designates for enhanced screening, regardless of whether the individual is designated due to TSDB status, risk-based rules, randomly, or for other reasons. CBP denies the allegations in the third sentence, insofar as it applies to CBP. Defendants neither confirm nor deny the remaining allegations in this paragraph because the information is protected by statute and privileges.

173. Defendants deny the allegations in the first sentence. With respect to the allegations contained in the second sentence, Defendants admit only that TSA's Secure Flight program uses passenger information it receives from aircraft operators to determine if any passengers are on a Government watchlist, such as the TSDB. After Secure Flight completes the comparison of passenger information, TSA provides instructions to aircraft operators to identify the individual for standard, enhanced, or expedited screening at a security checkpoint, or to deny the individual

transport or authorization to enter a U.S. airport's sterile area. Defendants deny the remaining allegations in this paragraph.

174. Denied, except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated individuals," which Defendants lack information sufficient to admit or deny.

175. Defendants deny that they acted unlawfully.

176. Denied.

177. Denied except to the extent that it reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges.

178. Admitted.

179-80. Defendants admit that DHS provides some funding to the University of Maryland's Global Terrorism Databases, but otherwise lack sufficient information to confirm or deny the allegations in these paragraphs. Defendants note that these paragraphs fail to define "terrorist acts" or "terrorist attack."

181. Admit, except to the extent the second sentence is confusing and ambiguous and Defendants thus lack information sufficient to respond.

182. The allegation in this paragraph is vague, ambiguous and confusing and and Defendants therefore lack information sufficient to admit or deny them. To the extent a response is required, Defendants lack sufficient information to confirm or deny the truth of the allegations in this paragraph.

183. The allegation in this paragraph is vague, ambiguous and confusing, and Defendants therefore lack information sufficient to admit or deny it. To the extent a response is required,

Defendants lack sufficient information to confirm or deny the truth of the allegations in this paragraph.

184. The allegations contained in the first two sentences of this paragraph are vague, ambiguous and confusing, and Defendants therefore lack information sufficient to admit or deny them. To the extent a response is required, Defendants lack sufficient information to confirm or deny the truth of the allegations in these sentences. With respect to the allegations contained in the third sentence, Defendants admit only that TSA and CBP use risk-based rules to assist in identifying individuals who may warrant additional scrutiny; otherwise, denied.

185. With respect to the first sentence, Defendants admit that qualified federal officials make nominations that, with acceptance by TSC, result in TSDB designations. Otherwise, denied. Defendants admit the allegations in the second sentence, and aver that "nominations" do not reflect placement of unique individuals, but all changes to TSDB information.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

190. Denied.

191. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

192. Defendants lack sufficient information to admit or deny the allegations in the first and second sentences of this paragraph. The third sentence appears to characterize or summarize a purportedly leaked document mentioned in paragraph 13; by this response Defendants neither admit nor deny the authenticity, content, or accuracy of that document because this information is protected by privileges. The allegations in the fourth sentence are vague and ambiguous, and Defendants therefore lack information sufficient to admit or deny them.

45

193. Denied.

194. Denied.

195. Insofar as these allegations implicate the substance of the rules employed by TSA and CBP's rules-based screening programs, Defendants can neither admit nor deny the allegations, because this information is protected by statute and privileges. Otherwise, Defendants admit only that the reasonable suspicion standard for inclusion in the TSDB is based on the fact-specific totality of the circumstances related to a given individual; nominations to the TSDB must not be based solely on the individual's race, ethnicity, or religious affiliation, nor solely on beliefs and activities protected by the First Amendment. Defendants deny the remaining allegations in this paragraph.

196. Defendants lack sufficient information to admit or deny the allegations in the first sentence. Defendants deny the allegations in the second sentence.

197. Defendants admit only that the lawsuits listed in footnote 6, corresponding to this paragraph, were filed by plaintiffs who self-identified as Muslim. Defendants lack sufficient information to admit or deny the allegations in the paragraph more generally.

198. Denied.

199. Defendants lack sufficient information to admit or deny the allegations in first sentence. Defendants deny the allegations in the second sentence.

200. Denied.

201. The allegations contained in the first sentence are vague, compound and ambiguous, and therefore Defendants lack information sufficient to admit or deny them. Defendants deny the allegations in the second sentence.

202. Defendants admit only that on February 27, 2019, federal prosecutors indicted Lieutenant Christopher Hasson for unlawful possession of unregistered fiream silencers, unlawful possession of firearm silencers unidentified by serial number, possession of firearms by unlawful user and

46

addict of a controlled substance, and possession of a controlled substance; and that Lt. Hasson had held a Secret level security clearance. Defendants deny that this indictment is a "singular example" of unequal treatment of Muslims and non-Muslims. Defendants neither admit nor deny the remaining allegations in this paragraph, because such information is protected by statute and privileges.

203. This allegation characterizes and partially quotes a purportedly leaked document, and by this response the Defendants neither admit nor deny the authenticity, content or accuracy of that document because that information is protected by privileges. The content of the actual Watchlisting Guidance is protected by statute and privileges.

204. Denied.

205. These allegations constitute characterizations of this and other legal actions, to which no response is required. Additionally, Count XII ("RFRA-Informant Pressure") has been dismissed.

206. The Court dismissed Count XII  ("RFRA-Informant Pressure) and no response to this paragraph is required.

207. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

208. These allegations constitute legal arguments and conclusions of law to which no response is required. To the extent a response is deemed required, denied -- except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens and foreign nationals," which Defendants lack information sufficient to admit or deny.

209. Admit the first, second, and fourth sentences. Admit the third sentence but aver that placement in TIDE does not cause travel restrictions.

210. With respect to the first sentence, Defendants admit that DHS TRIP provides redress to individuals for travel-related difficulties, including watchlist issues. To the extent not admitted, denied. Defendants admit the allegations in the second and third sentences of this paragraph.

211. Denied.

212. Defendants deny the allegations in the first three sentences of this paragraph -- except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny. The remaining allegations in this paragraph purport to partially quote and characterize unspecified public testimony of an unspecified TSC official. The Court is respectfully referred to such testimony for a full and accurate statement of its contents.

213. Defendants deny that as of December 2017, the TSA Administrator had taken no action regarding the removal of TSDB Listees in two years. As to the phrase, ""The TSA Administrator may provide input regarding whether a DHS TRIP Redress applicant listed on the TSDB should be removed,"" Defendants admit and further clarify that TSA Administrator has exclusive authority to remove or maintain an individual on the No Fly List at the conclusion of the redress process.

214. Defendants admit that being removed from the No Fly List or the Selectee List does not necessarily mean that an individual is also removed from the TSDB.

215. No response is required because claims based on rules-based terrorist monitoring lists have been dismissed from this suit. To the extent a response is required, the phrases "treated as a terrorist" and "terrorist-level scrutiny" are vague and ambiguous, such that Defendants lack information sufficient to admit or deny those allegations. Defendants neither admit nor deny the

remaining allegations contained in this paragraph because the substance of TSA and CBP's rules-based screening programs is information protected by statute and privileges.

216. These allegations constitute legal arguments and conclusions of law to which no response is required. To the extent a response is deemed required, denied – except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

217. Deny that TSC makes determinations on its own. Admit that some DHS TRIP response letters cannot admit or deny watchlist status and do not set forth the basis for inclusion; otherwise, denied.

218. With respect to the first sentence, Defendants admit only that in 2015, the U.S. Government adopted revised DHS·TRIP procedures for United States persons who make redress inquiries regarding the denial of aircraft boarding. The revised redress procedures provide that a United States person who (a) purchases an airline ticket for a flight to, from, or over the United States; (b) is denied boarding that flight; (c) subsequently files a redress inquiry with DHS TRIP regarding the denial of boarding; (d) provides all information and documentation required by DHS TRIP; and (e) is determined to be appropriately on the No Fly List at the conclusion of the TSC Redress Office's review of the redress inquiry, will receive a letter stating that "you are on the No Fly List" and providing the option to request additional information and specific instructions for doing so. Defendants admit the allegations contained in the second sentence. The allegations in the third sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit only that DHS TRIP does not disclose either historical or

current watchlist status, other than as described in the first sentence of Defendants' response to this paragraph. Otherwise, denied.

219. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

220. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit only that DHS TRIP does not provide pre-deprivation process; otherwise, denied.

221. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit only that DHS TRIP does not include a live hearing component; otherwise, denied.

222. Denied.

223. Denied.

224. These allegations constitute conclusions of law to which no response is required. The allegations are also vague, compound and ambiguous, and therefore Defendants lack sufficient information to admit or deny them. To the extent a response is deemed required, Defendants admit only that DHS TRIP does not allow an individual to "submit to advance screening prior to a scheduled trip"; otherwise, denied.

225. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

226. Denied.

227. Defendants lack sufficient information to admit or deny the allegations in the first sentence. With respect to the allegations in the third and fourth sentences of this paragraph, Defendants admit that that Ms. Ibrahim was mistakenly placed on the No Fly List after an FBI agent filled out a form incorrectly; Defendants deny all the remaining allegations in this paragraph.

228. The allegations in the first four sentences of this paragraph purport to characterize the findings of report issued by the DOJ's Office of the Inspector General in 2008. The Court is respectfully referred to this report for a full and accurate statement of their contents.

229-230. The allegations in these paragraphs purport to characterize or partially quote an opinion of the Eastern District of Virginia, to which the Court is referred for a full and accurate statement of its contents.

231. The allegations in this paragraph purports to characterize or partially quote an opinion of the Eastern District of Virginia, to which the Court is referred for a full and accurate statement of its contents.

232. To the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

233. Khaled El Ali has been dismissed from this suit and no response to the allegations concerning him is required. With respect to the remaining allegations, Defendants admit that Abdaljalil Hijaz is a legal permanent resident; otherwise, denied, inasmuch as Plaintiffs Moustafa El-Shahat, Faraz Siddiqui, and Farid Sulayman are also legal permanent residents, not U.S. citizens.

234. Defendants admit only that they are unaware of any charge, arrest, or conviction for a terrorism-related offense within the United States on the part of any Plaintiff. Insofar as this allegation encompasses any charges, arrests, or convictions for terrorism-related offenses outside of the United States, Defendants lack information sufficient to admit or deny this allegation; further, any such information in the possession of Defendants is protcted by statute and privileges. Additionally, to the extent that this paragraph reflects the watchlist status of particular individuals,

Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.

235. Denied, except to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges.

236. Defendants admit only that Mr. Bosnic and Mr. Shirwa were both previously on the No Fly List and subsequently removed, and that during the periods when Mr. Bosnic and Mr. Shirwa were, respectively, on the No Fly List, their respective statuses were available under limited circumstances to entities authorized to receive TSDB information for official purposes. Otherwise, Defendants neither admit nor deny the allegations in this paragraph because they reflect watchlist status of particular individuals – information which is protected by statute and privileges.

237. Defendants admit only that neither Mr. Bosnic nor Mr. Shirwa was informed of the factual basis for his prior placement on No Fly List. Defendants deny that Mr. Bosnic and Mr. Shirwa were never was offered a meaningful opportunity to contest their prior designation. Defendants neither confirm nor deny any Plaintiff's alleged status in the TSDB, because that information is protected by statute and privileges. Otherwise, denied.

238. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges.

239. Denied, except to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges.

240. To the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

241. To the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

242. To the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

243. To the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

244. To the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

245. To the extent that the allegations in this paragraph reflect the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. The remaining allegations in this paragraph are vague, compound and ambiguous, and therefore Defendants lack sufficient information to admit or deny them.

246. These allegations constitute conclusions of law to which no response is required. They are also vague, compound and ambiguous, and therefore Defendants lack sufficient information to admit or deny them. To the extent a response is deemed required, denied – except to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges.

247. Defendants neither admit nor deny the allegations in this paragraph, because the watchlist status of particular individuals is information that is protected by statute and privileges.

248-306. Rami Khaled El Ali, Mia Khaled El Ali, and Khaled El Ali have each been dismissed from this suit, and no response to these paragraphs is required.

307. Defendants admit only that on or around August 8-9, 2017, Mr. Jardaneh, Hadil Jardaneh, Ghassan Kabat, and Nader Ghassan Kabat presented themselves for inspection at the Detroit Ambassador Bridge in Detroit, Michigan. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

308. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

309. Defendants admit that CBP Officers are armed. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

310. Defendants admit only that on or around August 8-9, 2017, Mr. Jardaneh was inspected by CBP at the Ambassador Bridge Port of Entry in Detroit, Michigan. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

311. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

312. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

313. Defendants admit that on or around August 8-9, 2017, Mr. Jardaneh was inspected by CBP at the Ambassador Bridge Port of Entry in Detroit, Michigan, and that CBP conducted a border

search of Mr. Jardaneh's phone and that CBP detained Mr. Jardaneh's cellular phone and then returned it via UPS. Defendants deny the remaining allegations in this paragraph.

314. Defendants admit only that on or around August 8-9, 2017, Mr. Jardaneh's brother-in-law was inspected by CBP at the Ambassador Bridge Port of Entry in Detroit, Michigan. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

315. Defendants admit only that Mr. Jardaneh requested his lawyer be present during his inspection. Defendants deny the remaining allegations in this paragraph.

316. Defendants admit only that CBP conducted a border search of Mr. Jardaneh's phone; that CBP detained Mr. Jardaneh's cellular phone and then returned it via UPS; and that CBP conducted a border search of Ghassan Kabat's phone. Defendants neither confirm nor deny that any data was downloaded, as that information is protected by statute and/or privileges. Defendants deny the remaining allegations in this paragraph.

317. Defendants admit only that, while he was in CBP custody, Mr. Jardaneh requested EMS be contacted for medical attention; that EMS was contacted immediately; that CBP Officers assisted Mr. Jardaneh until EMS arrived; and that EMS transported Mr. Jardaneh to Detroil Receiving Hospital for medical treatment. Defendants deny the remaining allegations in this paragraph.

318. Defendants admit only that EMS transported Mr. Jardaneh to Detroit Receiving Hospital for medical treatment with a CBP Officer. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

319. Defendants admit that CBP detained Mr. Jardaneh's cellular phone and then returned it via UPS.

320. Defendants neither confirm nor deny Mr. Jardaneh's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

321. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated." Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

322. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

323. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges

324. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

325. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

326. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

327. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

328. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

329. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

330. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

331. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

332. Defendants lack sufficient information to admit or deny what Mr. Jardeneh noticed. Defendants neither confirm nor deny the remaining allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

333. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

334. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

335. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

336. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

337. Defendants neither confirm nor deny Mr. Jardaneh's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

338. Defendants neither confirm nor deny the allegations in this paragraph, as that information is protected by statute and privileges.

339. Defendants admit the allegations in the first sentence of this paragraph. With respect to the second sentence of this paragraph, Defendants admit only that DHS TRIP issued a letter to Mr. Jardeneh on September 29, 2017. The remainder of the second sentence of this paragraph constitutes a characterization of the September 2017 letter, to which the Court is respectfully referred for a full and accurate statement of its contents. Insofar as this paragraph references or incorporates the allegations set forth in Paragraph 217, Defendants further incorporate their corresponding response to that paragraph here as well.

340. Defendants neither confirm nor deny Mr. Jardaneh's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

341. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

342. Defendants neither confirm nor deny Mr. Jardaneh's alleged status in the TSDB, because that information is protected by statute and privileges.

343. Defendants neither confirm nor deny John Doe's status in the TSDB, because that information is protected by statute and privileges. Defendants otherwise lack sufficient information to admit or deny the allegations in this paragraph.

344. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges. Defendants otherwise lack sufficient information to admit or deny the allegations in this paragraph.

345. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges. Defendants otherwise lack sufficient information to admit or deny the allegations in this paragraph.

346. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

347. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

348. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges. Defendants otherwise lack sufficient information to admit or deny the allegations in this paragraph.

349. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges. Defendants otherwise lack sufficient information to admit or deny the allegations in this paragraph.

350. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges. Defendants otherwise lack sufficient information to admit or deny the allegations in this paragraph.

351. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

352. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

353. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

354. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges. Defendants otherwise lack sufficient information to admit or deny the allegations in this paragraph.

355. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges. Defendants otherwise lack sufficient information to admit or deny the allegations in this paragraph.

356. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

357. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges. Defendants otherwise lack sufficient information to admit or deny the allegations in this paragraph.

358. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges. Defendants otherwise lack sufficient information to admit or deny the allegations in this paragraph.

359. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges. Defendants otherwise lack sufficient information to admit or deny the allegations in this paragraph.

360. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

361. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

362. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

363. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

364. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

365. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

366. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

367. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges. Defendants otherwise lack sufficient information to admit or deny the allegations in this paragraph.

368. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges. Defendants otherwise lack sufficient information to admit or deny the allegations in this paragraph.

369. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges. Defendants otherwise lack sufficient information to admit or deny the allegations in this paragraph.

370. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

371. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

372. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

373. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

374. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

375. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

376. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

377. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

378. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

379. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

380. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

381. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

382. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

383. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

384. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

385. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

386. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

387. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

388. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

389. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

390. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

391. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

392. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

393. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

394. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

395. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

396. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

397. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

398. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

399. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

400. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

401. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

402. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

403. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

404. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

405. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

406. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

407. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

408. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

409. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

410. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

411. Defendants neither confirm nor deny John Doe's status in the TSDB, because that information is protected by statute and privileges. Defendants otherwise lack sufficient information to admit or deny the allegations in this paragraph.

412. Defendants lack sufficient information to admit or deny the allegations in first and second sentences of this paragraph. As to the third sentence, Defendants deny that Mr. Abdurrashid currently holds a Transportation Worker Identification Credential.

413. Defendants admit only that on June 4, 2014, Mr. Abdurrashid was issued a Merchant Mariner Credential by the United States Coast Guard that expired on June 4. 2019. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

414. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

415. Defendants admit that for purposes of obtaining a TWIC, Mr. Abdurrashid was required to submit fingerprints that were checked against a Federal Bureau of Investigation database with criminal history information. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

416. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

417. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

418. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

419. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

420. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

421. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

422. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

423. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

424. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

425. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

426. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

427. Defendants lack sufficient information to confirm or deny the allegations regarding actions of airline personnel. Otherwise, Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

428. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remaining allegations in this paragraph, because the information is protected by statute and privileges.

429. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

430. Defendants admit that Mr. Abdurrashid was encountered by CBP officers at the gate. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

431. Defendants admit only that Mr. Abdurrashid was inspected by CBP. Otherwise, denied.

432. Defendants admit only that CBP conducted a border search of Mr. Abdurrashid's belongings, including his luggage and his cellular phone. Defendants deny the remaining allegations in this paragraph.

433. Admit that Mr. Abdurrashid was inspected by CBP and otherwise deny the allegations in the first sentence. Admit that Mr. Abdurrashid was and asked questions about his trip to Morocco; Defendants lack sufficient information to admit or deny the details of the remaining allegations in the second sentence. Defendants deny the third sentence. Defendants lack sufficient information to confirm or deny allegations in the fourth sentence.

434. Defendants lack information sufficient to admit or deny the allegations in the first sentence of this paragraph. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

435. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

436. Defendants neither confirm nor deny the allegations in the first sentence of this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

437. Defendants lack sufficient information to admit or deny the allegations in this paragraph. To the extent this paragraph seeks information protected by statute and/or privileges, Defendants neither confirm nor deny the allegations .

438. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

439. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

440. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

441. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

442. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

443. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

444. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

445. Defendants neither confirm nor deny Mr. Abdurrashid's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

446. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

447. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

448. Defendants neither confirm nor deny Mr. Abdurrashid's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

449. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

450. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

451. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

452. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

453. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

454. Defendants neither confirm nor deny Mr. Abdurrashid's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants deny that watchlist status is a basis for the denial of a firearm purchase from a Federal Firearms Licensee. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

455. Defendants admit the allegations in the first sentence of this paragraph. With respect to the second sentence of this paragraph, Defendants admit that DHS TRIP issued a letter to Mr. Abdurrashid containing a redress control number. The remainder of the second sentence of this paragraph constitutes a characterization of the letter, to which the Court is respectfully referred for a full and accurate statement of its contents. Insofar as this paragraph references or incorporates the allegations set forth in Paragraph 217, Defendants further incorporate their corresponding response to that paragraph here as well.

456. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

457. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

458. Defendants lack sufficient information to admit or deny the allegations in this paragraph. To the extent this paragraph seeks information protected by statute and/or privileges, Defendants neither confirm nor deny the allegations .

459. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

460. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

461. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

462. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

463. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

464. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

465. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

466. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

467. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

468. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

469. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

470. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

471. Defendants further lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated.. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

472. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

473. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

474. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

475. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

476. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

477. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

478. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

479. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

480. Defendants admit that on January 20, 2018, Mr. Paryavi arrived at the port of entry following his trip abroad. Defendants otherwise have insufficient information to confirm or deny the allegations in this paragraph.

481. Defendants admit that Mr. Paryavi was inspected by CBP upon his arrival at Dulles International Airport. Defendants otherwise have insufficient information to confirm or deny the allegations in this paragraph.

482. Defendants admit that Mr. Paryavi was inspected upon his arrival at Washington Dulles International Airport. Otherwise, denied.

483. Defendants admit only that Mr. Paryavi applied to TSA Pre✓ ® and Global Entry; that each of these applications was denied; and the Global Entry is CBP program that allows expedited clearance for pre-approved, low-risk travelers upon arrival in the United States. Defendants deny the remaining allegations in this paragraph.

484. Defendants neither confirm nor deny Mr. Paryavi's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants admit that Mr. Paryavi's TSA Pre✓ ® and Global Entry applications were denied, but aver and clarify that CBP denied Mr. Paryavi's Global Entry application. Defendants deny the remainder of the allegations contained in this

paragraph, and aver that an individual's inclusion in one or more government databases is not determinative of the eligibility determinations for these programs, and merely serves as a factor indicating that an individual requires further scrutiny.

485. Denied.

486. Defendants neither confirm nor deny Mr. Paryavi''s alleged status in the TSDB, because that information is protected by statute and privileges. Otherwise, denied.

487. Defendants admit the allegations in the first sentence of this paragraph. With respect to the second sentence of this paragraph, Defendants admit that DHS TRIP issued a letter to Mr. Paryavi containing a redress control number. The remainder of the second sentence of this paragraph constitutes a characterization of the letter, to which the Court is respectfully referred for a full and accurate statement of its contents. Insofar as this paragraph references or incorporates the allegations set forth in Paragraph 217, Defendants further incorporate their corresponding response to that paragraph here as well.

488. Defendants neither confirm nor deny Mr. Paryavi's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

489. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

490. Defendants neither confirm nor deny Mr. Paryavi's alleged status in the TSDB, because that information is protected by statute and privileges.

491. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

492. Defendants admit that on October 22, 2017, Ms. Hawa Wehelie, her mother, and her father, presented themselves for inspection at the Peace Bridge Port of Entry in Buffalo, New York.

493. Defendants admit that CBP Officers are armed. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

494. Defendants admit that the family was selected for further inspection, and that CBP Officers are armed. Defendants deny that Ms. Hawa Wehelie and her family were interrogated.

495. Defendants admit only that CBP detained Ms. Hawa Wehelie's two cell phones and one laptop, and aver that all items were returned to Ms. Hawa Wehelie on or around December 27, 2017. Defendants neither admit nor deny that any data was downloaded, as that information is protected by statute and/or privileges. Defendants deny the remaining allegations in this paragraph.

496. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

497. Defendants admit only that on January 7, 2018, Ms. Hawa Wehelie, and her sister, Fatima Wehelie, were traveling to the United States through the Pearson International Airport in Toronto, Canada. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remaining allegations in this paragraph, because the information is protected by statute and privileges.

498. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

499. Defendants neither confirm nor deny Ms. Wehelie's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph. This paragraph pertains to allegations regarding the actions of foreign officials.

500. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

501. Admit only that on or around January 7, 2018, Ms. Hawa Wehelie, and her sister, Fatima Wehelie, were inspected by CBP at the Pearson International Airport in Toronto, Canada. Otherwise, denied.

502. Admit that Ms. Hawa Wehelie and her sister were individually questioned by CBP. Otherwise, denied.

503. Deny that a Point of Entry contains an "interrogation room." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

504. Defendants admit questioning Ms. Hawa Wehelie about whether she attended church or any religious organizations, where she travelled in the last five years, how she is employed, and if she financially supports her family members. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

505. Defendants admit that CBP conducted a border search of Ms. Hawa Wehelie's cell phone. Defendants neither admit nor deny that any data was downloaded, as that information is protected by statute and/or privileges. Otherwise, denied.

506. Defendants admit that Ms. Hawa Wehelie and her sister rebooked their flight for the morning of January 8, 2018. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

507. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

508. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder

of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

509. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

510. Defendants neither confirm nor deny Ms. Wehelie's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.This paragraph pertains to allegations regarding the actions of foreign officials.

511. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

512. Defendants admit that Ms. Hawa Wehelie and her sister Fatima were selected for secondary inspection. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

513. Defendants admit questioning Ms. Hawa Wehelie and her sister about where they stayed the night before. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

514. Defendants lack sufficient information to admit or deny the allegations in this paragraph..

515. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

516. Defendants admit that on July 31, 2018, Ms. Hawa Wehelie, her mother, and her father, presented themselves for inspection at the Peace Bridge Port of Entry in Buffalo, New York.

517. Defendants admit only that CBP Officers are armed and that Ms. Hawa Wehelie, her mother, and her father were escorted to secondary inspection. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

518. Defendants admit that CBP questioned Ms. Hawa Wehelie and her father about where they travelled and stayed, their employment, and where they lived. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

519. Defendants admit that CBP conducted a border search of Ms. Hawa Wehelie's cell phone, that CBP conducted a border search of Ms. Hawa Wehelie and her family's vehicle and belongings. Defendants neither admit nor deny that any data was downloaded from her phone, as such information is protected by statute and/or privileges.

520. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

521. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

522. Defendants neither confirm nor deny Ms. Hawa Wehelie's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants neither confirm nor deny the remaining allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

523. Defendants neither confirm nor deny Ms. Hawa Wehelie's alleged status in the TSDB, because that information is protected by statute and privileges.

74

524. Defendants can neither admit nor deny the allegations in this paragraph because the information is protected by statute and privileges.

525. Defendants admit only that the FBI interviewed Mr. Wehelie at Washington Dulles International Airport in August 2015; Defendants otherwise deny the allegations in this paragraph insofar as they relate to the FBI. Defendants can neither admit nor deny the allegations in this paragraph with respect to TSA because the information is protected by statute and privileges.

526. Defendants admit only that the FBI interviewed Mr. Wehelie at Washington Dulles International Airport in August 2015, including about when he expected to return to the United States, and whether he used the names Muhammed, Yusuf, or Ibrahim as aliases; and that Mr. Wehelie indicated that those names were the names of his sons. Defendants lack information sufficient to admit or deny what Mr. Wehelie subjectively felt or experienced during this interview, and deny the remaining allegations in this paragraph.

527. Defendants admit that on October 22, 2017, Mr. Wehelie, his wife, and his daughter, presented themselves for inspection at the Peace Bridge Port of Entry in Buffalo, New York.

528. Admit that Mr. Wehelie and his family were selected for further inspection.

529. Admit that Mr. Wehelie was questioned about his foreign travel and his employment. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

530. Admit that Mr. Wehelie, his wife, and his daughter were together during the secondary inspection. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

531. Admit that Mr. Wehelie and his wife and daughter were escorted to a waiting room. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

532. Admit that CBP conducted a border search of their baggage and persons, including emptying their pockets. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

533. Defendants admit that CBP detained Mr. Wehelie's cell phone and his wife and daughter's cell phones. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

534. Defendants admit that Mrs. Noor's and Ms. Hawa Wehelie's electronics were returned on or about December 27, 2017.

535. Defendants admit that CBP conducted a border search of Mr. Wehelie's and his family members' electronic devices. Defendants neither admit nor deny that any data was downloaded, as that information is protected by statute and/or privileges.

536. Defendants admit that on July 31, 2018, Mr. Wehelie, his wife, and his daughter, presented themselves for inspection at the Peace Bridge Port of Entry in Buffalo, New York.

537. Defendants admit that CBP Officers are armed and that Mr. Wehelie, his wife, and his daughter were escorted to secondary inspection. Defendants lack sufficient information to confirm or deny the details of the remaining allegations in this paragraph.

538. Defendants admit that CBP questioned Mr. Wehelie where they travelled and stayed, their employment, and where they lived. Defendants lack sufficient information to confirm or deny the details of the remaining allegations in this paragraph.

539. Defendants neither confirm nor deny Mr. Wehelie's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

540. Defendants neither confirm nor deny Mr. Wehelie's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

541. Defendants admit that Mr. Wehelie has been inspected at the border when he entered the United States. Otherwise, denied.

542. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

543. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

544. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

545. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

546. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

547. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

548. Defendants neither confirm nor deny Mr. Wehelie's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

549. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

550. Defendants admit only that Mr. Wehelie has filed an incomplete DHS TRIP inquiry and was assigned a redress control number for that inquiry. Defendants further aver that DHS TRIP administratively closed the inquiry. Defendants deny the remaining allegations in this paragraph. Insofar as this paragraph references or incorporates the allegations set forth in Paragraph 217, Defendants further incorporate their corresponding response to that paragraph here as well.

551. Defendants neither confirm nor deny Mr. Wehelie's alleged status in the TSDB, because that information is protected by statute and privileges.

552. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

553. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

554. Defendants neither confirm nor deny Ms. Hawa Wehelie's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants neither confirm nor deny the remaining allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

555. Admit that on January 7, 2018, Ms. Hawa Wehelie, and Ms. Fatima Wehelie, were traveling to the United States through the Pearson International Airport in Toronto, Canada. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

556. Admit that Ms. Hawa Wehelie and Ms. F. Wehelie presented themselves for inspection at the Toronto Preclearance Facility at the Pearson International Airport and were referred for secondary inspection. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

557. Admit that on or around January 7, 2018, Ms. Hawa Wehelie, and Ms. Fatima Wehelie, were inspected by CBP at the Pearson International Airport in Toronto, Canada. Otherwise, denied.

558. Admit that Ms. Hawa Wehelie was individually questioned by CBP. Otherwise, denied.

559. Deny the POE contains "interrogation rooms." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph

560. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

561. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

562. Defendants admit CBP requested Ms. Hawa Wehelie's and Ms. Fatima Wehelie's cell phones. Otherwise, denied.

563. Admit that CBP conducted a border search of Ms. Hawa Wehelie's and Ms. F. Wehelie's cell phones. Defendants neither admit nor deny that data was downloaded from their phones, because such information is protected by statute and/or privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

564. Admit Ms. Hawa Wehelie and Ms. Fatima Wehelie rebooked their flight for the morning of January 8, 2018. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

565. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

566. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

567. Admit that on January 8, 2018, Ms. Hawa Wehelie and Ms. F. Wehelie received secondary inspection. Deny they were interrogated.

568. Defendants admit questioning Ms. Hawa Wehelie and Ms. Fatima Wehelie about where they stayed the night before. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

569. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

570. Defendants admit that on October 22, 2017, Mr. Wehelie, Mrs. Noor, and Ms. Hawa Wehelie, presented themselves for inspection at the Peace Bridge Port of Entry in Buffalo, New York.

571. Admit that Mr. Wehelie was escorted to the Secondary Building at the Peace Bridge Port of Entry in Buffalo, New York for further inspection. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

572. Admit that Mr. Wehelie was questioned about his foreign travel and his employment. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

573. Admit that Mr. Wehelie, his wife, and his daughter were together during the secondary inspection. Defendants deny that an FBI agent was involved in any inspection interview. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

574. Admit that Mr. Wehelie and his wife and daughter were escorted to a waiting room. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

575. Admit that CBP conducted a border search of their baggage and persons, including emptying their pockets. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

576. Defendants admit that CBP detained Mr. Wehelie's, Mrs. Noor's, and Ms. Hawa Wehelie's cell phones, as well as Ms. Hawa Wehelie's one laptop.

577. Defendants admit that Mrs. Noor's and Ms. Hawa Wehelie's electronics were returned on or about December 27, 2017.

578. Defendants neither admit nor deny that any data was downloaded, as that information is protected by statute and/or privilege.

579. Defendants admit that on July 31, 2018, Mr. Wehelie, Mrs. Noor, and Ms. Hawa Wehelie presented themselves for inspection at the Peace Bridge Port of Entry in Buffalo, New York.

580. Defendants admit that CBP Officers are armed and that Mr. Wehelie, his wife, and his daughter were escorted to secondary inspection. Defendants lack sufficient information to confirm or deny the details of the remaining allegations in this paragraph.

581. Defendants admit that CBP questioned Mr. Wehelie where they travelled and stayed, their employment, and where they lived. Defendants lack sufficient information to confirm or deny the details of the remaining allegations in this paragraph.

582. Defendants admit that the Wehelie family has been inspected at the border when they enter the United States. Otherwise, denied.

583. Denied, except to the extent that it reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges).

584. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

585. Defendants neither confirm nor deny Ms. Hawa Wehelie's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants deny the remaining allegations in this paragraph.

586. Defendants admit only that Mrs. Noor has filed an incomplete DHS TRIP inquiry and was assigned a redress control number for that inquiry. Defendants further aver that DHS TRIP administratively closed this inquiry. Defendants deny the remaining allegations in this paragraph. Insofar as this paragraph references or incorporates the allegations set forth in Paragraph 217, Defendants further incorporate their corresponding response to that paragraph here as well.

587. Defendants deny that Mr. Mohallim has been living in Kenya since 2015. See Compl. paragraph 626. Defendants lack information sufficient to admit or deny the remaining allegations in this paragraph.

588. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

589. Defendants admit that Mr. Mohallim was encountered at Minneapolis-Saint Paul International airport on June 10, 2015 during an outbound inspection.

590. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

591. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

592. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

593. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

594. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

595. Defendants admit only that Mr. Mohallim's mother told CBP about the purpose of the trip and the amount of money she was carrying. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

596. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

597. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

598. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

599. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

600. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

601. Defendants neither confirm nor deny Mr. Mohallim's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

602. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

603. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

604. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

605. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

606. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

607. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

608. Defendants neither confirm nor deny Mr. Mohallim's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

609. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

610. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

611. Defendants admit only that Mr. Mohallim's appointment was rescheduled for July 24, 2018. .Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

612. Admitted.

613. Defendants admit only that the FBI interviewed Mr. Mohallim's mother, with her consent, outside of the presence of Mr. Mohallim. Otherwise, denied.

614. Denied.

615. Denied.

616. Denied. *See* Compl. ¶ 626.

617. Defendants neither confirm nor deny the allegations in this paragraph, because that information is protected by statute and privileges.

618. Defendants neither confirm nor deny Mr. Moahllim's alleged status in the TSDB, because that information is protected by statute and privileges. With respected to the remaining allegations contained in this paragraph, Defendants admit only that the FBI has questioned Mr. Mohallim. Otherwise, denied.

619. Defendants admit only that in 2015, FBI agents asked Mr. Mohallim's mother if they could talk to him in her presence. Otherwise, denied.

620. Defendants admit only that FBI agents sought permission to review the contents of Mr. Mohallim's phone. Otherwise, denied

621. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

622. Denied.

623. With respect to the allegations contained in the first sentence of this paragraph, Defendants admit only that on August 3, 2018, Gadeir Abbas emailed counsel for the U.S. Department of Justice, attaching a proposed itinerary for Mr. Mohallim's travel to the email, and stating, in relevant part, "[t]his email is an attempt to avoid the need for emergency legal proceeds [sic]. We have attached a flight itinerary for Mahad and expect the federal government to allow him fly on that ticket." With respect to the allegations contained in the second sentence of this paragraph, Defendants admit only that on August 3, 2018, Mr. Mohallim's counsel contacted the U.S. Embassy in Doha, Qatar, regarding a proposed itinerary for his travel to the United States.

624. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

625. With respect to the allegations in the first sentence, Defendants admit only that on August 3, 2018, counsel for the U.S. Department of Justice informed Mr. Abbas by email that her "understanding is that we are unable at this time to clear an itinerary prior to 8/29 for operational reasons. If you can reschedule – following the guidelines provided – for 8/29 or later, I think it could go through, and there would be no need for emergency relief." Defendants deny the allegations in the second sentence and aver the that new itinerary was for August 29, 2018. Defendants admit the allegations in the third sentence.

626. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

627. Defendants lack sufficient information to admit or deny the allegations in this paragraph. This paragraph pertains to allegations regarding the actions of foreign officials.

628. With respect to the allegation that Mr. Mohallim received "reassurances from Defendants' counsel that Mr. Mohallim would be permitted to fly back home to the United States," Defendants admit only that on August 17, 2018 informed Mr. Abbas by email: "We have no reason to think your client cannot fly on the current itinerary, but the layover in Chicago appears very tight for an inbound international flight. We recommend at least a 4 hour layover to allow for customs clearance, or weather/mechanical issues that could delay the inbound flight. Please inform us immediately if you make a change. As you know, we make no representations or guarantees about screening, inspection or future travel." Otherwise, Defendants deny this allegation. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

629. Defendants lack sufficient information to admit or deny the allegations in this paragraph. This paragraph pertains to allegations regarding the actions of foreign officials.

630. Denied.

631. Defendants lack sufficient information to admit or deny the allegations in this paragraph. This paragraph pertains to allegations regarding the actions of foreign officials.

632. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

633. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

634. Admit only that CBP escorted Mr. Mohallim and his mother to passport control for additional processing. Otherwise, denied.

635. Admit that CBP questioned Mr. Mohallim about his foreign travel, his family in Kenya, his mother's employment in Kenya, where he attended school, and other questions.

636. Admit that Mr. Mohallim's mother's cell phone was searched. Defendants neither admit nor deny that any data was downloaded, as that information is protected by statute and/or privilege. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

637. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

638. Defendants admit only that FBI agents attempted to interview Mr. Mohallim; otherwise, denied.

639. Defendants admit only that FBI agents attempted to interview Mr. Mohallim; otherwise, denied.

640. Defendants admit only that Mr. Mohallim mentioned his attorney during the attempted interview; otherwise, denied.

641. Denied--including but not limited to the allegation that Mr. Mohallim and his mother were ever prevented from leaving at any time.

642. Defendants admit only that FBI agents escorted Mr. Mohallim and his mother to the gate to ensure they were able to board their connecting flight; otherwise, denied.

643. Defendants neither confirm nor deny Mr. Mohallim's alleged status in the TSDB, because that information is protected by statute and privileges.

86

644. Admitted.

645. Admit that officers escorted him to his border inspection.

646. Defendants deny that a room at the point of entry is an "interrogation room," and further deny that the FBI questioned (much less "interrogated") Mr. El-Shahat.

647. Defendants admit that CBP officers inspected Mr. El-Shahat's belongings during his border inspection. Otherwise, denied.

648. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and/or privileges. Defendants deny the remaining allegations in this paragraph.

649. Denied.

650. Denied.

651. Defendants neither confirm nor deny Mr. Mohallim's alleged status in the TSDB, because that information is protected by statute and privileges. Otherwise, denied.

652. Defendants admit only that CBP officers released Mr. El-Shahat at the conclusion of this inspection. Otherwise, denied.

653. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

654. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

655. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

656. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

657. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

658. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

659. Defendants lack sufficient information to admit or deny the allegations in this paragraph. To the extent this paragraph seeks information protected by statute and privileges, Defendants neither confirm nor deny the allegations.

660. Defendants lack sufficient information to admit or deny the allegations in this paragraph. To the extent this paragraph seeks information protected by statute and privileges, Defendants neither confirm nor deny the allegations.

661. Denied.

662. Defendants neither confirm nor deny Mr. El-Shahat's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants do not understand the vague term, "treated like a criminal," and therefore lack information sufficient to admit or deny the remaining allegations in this paragraph.

663. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

664. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

665. Defendants lack sufficient information to admit or deny the allegations in this paragraph. This paragraph pertains to allegations regarding the actions of foreign officials.

666. Defendants lack sufficient information to admit or deny the allegations in this paragraph. This paragraph pertains to allegations regarding the actions of foreign officials.

667. Defendants lack sufficient information to admit or deny the allegations in this paragraph. This paragraph pertains to allegations regarding the actions of foreign officials.

668. Denied. Insofar as this paragraph references or incorporates the allegations set forth in Paragraph 217, Defendants further incorporate their corresponding response to that paragraph here as well.

669. Defendants neither confirm nor deny Mr. El-Shahat's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants deny that Mr. El-Shahat's wife's immigration application was significantly delayed. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

670. Defendants neither confirm nor deny Mr. El-Shahat's alleged status in the TSDB, because that information is protected by statute and privileges.

671. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

672. Admit that on February 24, 2018, Mr. Sulayman was encountered at the Pacific Highway Port of Entry in Blaine, Washington with his wife and four children.

673. Defendants admit that the family was selected for further processing, and that Mr. Sulayman's cell phone was subject to a border search. Defendants neither admit nor deny that any data was downloaded, as that information is protected by statute and/or privilege. Otherwise, denied.

674 Defendants admit only that Mr. Sulayman was interviewed as part of a border search. Defendants deny that Mr. Sulayman was interrogated. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

675. Defendants admit that during the border search interview a CBP officer discussed with Mr. Sulayman topics which included his studies, work, and an upcoming trip for umrah. Otherwise, denied.

676. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

677. Defendants neither confirm nor deny Mr. Sulayman's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

678. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

679. Defendants admit that on March 24, 2018, Mr. Sulayman, his wife, and children were encountered at the Peace Arch Port of Entry in Blaine, Washington. Defendants lack knowledge or information as to what Mr. Sulayman heard upon presenting the CBP officer with his passport. Admit that Mr. Sulayman and his family were referred to secondary inspection.

680. Admit that Mr. Sulayman's cell phone was subject to a border search. Defendants neither admit nor deny that any data was copied, as that information is protected by statute and privilege.

681. Defendants lack sufficient information to admit or deny the allegations in this paragraph. To the extent this paragraph seeks information protected by statute and privileges, Defendants neither confirm nor deny the allegations.

682. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

683. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

684. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

685. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

686. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

687. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

688. Defendants deny that TSA detains or interrogates passengers and avers that generally, TSA screeners are not required to question individuals during the administrative search for any purpose other than facilitating and completing the search, TSA only requires individuals to remain at the checkpoint until the administrative search is completed, and that an individual's designation for enhanced screening is not a basis for detaining or questioning the individual. Defendants neither confirm nor deny the remaining allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

689. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

690. With respect to the allegations contained in the first and second sentences, Defendants neither confirm nor deny Mr. Sulayman's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants do not understand the vague term, "treated like a criminal," and therefore lack information sufficient to admit or deny that allegation.. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced

by this paragraph feel they have been treated. Defendants neither confirm nor deny the remaining allegations in the first two sentences of this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges. Defendants further lack sufficient information to admit or deny the allegations contained in the third sentence of in this paragraph.

691. Defendants lack information sufficient to admit or deny the allegations in this paragraph. To the extent this paragraph seeks information protected by privilege or statute, Defendants neither confirm nor deny.

692. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

693. Defendants deny that SSSS indicates that an individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remaining allegations in this paragraph, because the information is protected by statute and privileges.

694. Defendants lack sufficient information to admit or deny the allegations in this paragraph. Defendants neither confirm nor deny the allegations in this paragraph, to the extent the information is protected by statute and privileges.

695. Defendants deny that SSSS indicates that an individual has been designated as a known or suspected terrorist. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph. Defendants neither confirm nor deny the remaining allegations in this paragraph, because the information is protected by statute and privileges.

696. Defendants deny that SSSS indicates that an individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remaining allegations in this paragraph, because the information is protected by statute and privileges.

697. Deny that CBP officers met Mr. Sulayman planeside in Seattle, Washington on April 16, 2018. Admit that on April 14, 2018, Mr. Sulayman arrived at Seattle-Tacoma International Airport and was met planeside by CBP officers and escorted for processing. Deny that a room at the point of entry is an "interrogation room." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

698. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

699. Admit that as part of a border search Mr. Sulayman was interviewed by CBP officers and in the course of that conversation topics such as his studies, work, and travel were touched upon. Deny that Mr. Sulayman was interrogated. Otherwise Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in this paragraph.

700. Admit that CBP conducted a border search of Mr. Sulayman on or about April 14, 2018. Deny that he was "interrogated." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph

701. Defendants neither confirm nor deny Mr. Sulayman's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

702. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

703. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

704. Defendants admit the first two sentences. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

705. Defendants admit only that an officer detained and placed handcuffs on Mr. Sulayman, and that they are not aware of any charge, arrest or conviction within the United States on the part of

Mr. Sulayman. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

706-07. Defendants admit only that Military Police informed Mr. Sulayman that the processing of his name and request for entry resulted in an issue without disclosing the specific reason. Defendants lack sufficient information to admit or deny the remaining allegations in these paragraphs.

708. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

709. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

710. Defendants admit only that the responding Military Police told Mr Sulayman there may have been a warrant out for his arrest, and that they continued to seek further information. Otherwise, denied.

711. Defendants admit only that the process took approximately an hour from the time Mr. Sulayman presented himself at Fort Lewis, until he was released, and that standard procedures at used at the Fort Lewis checkpoint require that prospective visitors to the base, as to whom a potential issue is identified, generally require the subject to remain handcuffed and seated until the issue is resolved. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

712. Defendants neither confirm nor deny Mr. Sulayman's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

713. Defendants admit only that Mr. Sulayman was detained for approximately an hour after presenting himself at Fort Lewis, and that he was handcuffed for part of this time. Defendants neither confirm nor deny Mr. Sulayman's alleged status in the TSDB, because that information is protected by statute and privileges.

"714. Defendants neither confirm nor deny Mr. Sulayman's alleged status in the TSDB, because that information is protected by statute and privileges. With respect to the remaining allegations contained in this paragraph, Defendants admit only that FBI agents have interviewed persons who know Mr. Sulayman, regarding Mr. Sulayman. Defendants lack information sufficient to admit or deny what Muslim community members have told Mr. Sulayman. Defendants deny the remaining allegations in this paragraph.

715. Defendants neither confirm nor deny Mr. Sulayman's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

716. Defendants neither confirm nor deny Mr. Sulayman's alleged status in the TSDB, because that information is protected by statute and privileges.

717. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

718. Defendants lack sufficient information to confirm or deny the allegations in this paragraph. To the extent this paragraph seeks information protected by statute or privileges, Defendants neither confirm nor deny the allegations

719. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

720. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

721. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

722. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder

of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

723. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

724. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

725. Defendants lack sufficient information to confirm or deny the religious affiliation of any alleged travel companions. Defendants neither confirm nor deny the remaining allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

726. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

727. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

728. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

729. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

730. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

731. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

732. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

733. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

734. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

735. Defendants neither confirm nor deny Mr. Suliman's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

736. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

737. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

738. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

739. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

740. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

741. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

742. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

743. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

744. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

745, Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

746. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

747. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

748. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

749. Defendants lack sufficient information to confirm or deny the purpose of this plaintiff's trip or whether he was referred to as a "house guest."  Defendants neither confirm nor deny the remaining allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

750. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

751. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

752. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

753. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

754. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

755. Admit that on May 11, 2018, Mr. Suliman arrived at the Los Angeles International Airport. Otherwise, Defendants lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

756. Defendants lack sufficient information to admit or deny the allegations in this paragraph. Defendants neither confirm nor deny the allegations in this paragraph, to the extent the information is protected by statute and privileges.

757. Defendants lack sufficient information to admit or deny the allegations in the second sentence of this paragraph. Defendants neither confirm nor deny the remaining allegations in this paragraph, because the information is protected by statute and privileges.

758. Defendants admit that on May 11, 2018, Mr. Suliman was inspected by CBP upon his arrival at the Los Angeles International Airport. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

759. Defendants admit that on May 11, 2018, Mr. Suliman was inspected by CBP upon his arrival at the Los Angeles International Airport. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

760. Defendants admit that Mr. Suliman presented certain pictures from his cellular phone to CBP, while having possession of his cellphone, during his inspection on May 11, 2018 at the Los Angeles International Airport. Otherwise, denied.

761. Defendants admit that CBP detained Mr. Suliman's cellular phone and that it was still detained at the time Plaintiffs filed their first complaint on August 8, 2018. Defendants further admit CBP provided Mr. Suliman with information regarding the border search of his electronic device.

The allegations that Defendants engage in "seizures" of electronic devices consists of legal conclusions, to which no response is required. To the extent a response is required, denied.

762. Defendants admit that on May 11, 2018, Mr. Suliman was inspected by CBP at the Los Angeles International Airport. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

763. Defendants admit only that Mr. Suliman applied to the TSA Pre✓ ® program and that his application was denied. Defendants deny the remaining allegations in this paragraph.

764. Defendants neither confirm nor deny Mr. Suliman's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants admit that Mr. Suliman's TSA Pre✓ ® application was denied. Defendants deny the remainder of the allegations contained in this paragraph, and aver that an individual's inclusion in one or more government databases is not determinative of TSA's eligibility determination and merely serves as a factor indicating that an individual requires further scrutiny.

765. Defendants admit the allegations in the first sentence of this paragraph. With respect to the second sentence of this paragraph, Defendants admit that DHS TRIP issued a letter to Mr. Suliman containing a redress control number. The remainder of the second sentence of this paragraph constitutes a characterization of the letter, to which the Court is respectfully referred for a full and accurate statement of its contents. Insofar as this paragraph references or incorporates the allegations set forth in Paragraph 217, Defendants further incorporate their corresponding response to that paragraph here as well.

766. Defendants neither confirm nor deny Mr. Suliman's alleged status in the TSDB, because that information is protected by statute and privileges

767-798. Plaintiff John Doe 2 has been dismissed from this action and no response to these paragraphs is required.

799-809. Plaintiffs Baby Doe, Child Doe, and Child Doe 2 have been dismissed from this action and no response to these paragraphs is required.

810. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

811. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

812. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

813. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

814. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

815. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

816. Defendants admit only that on January 22, 2018, Mr. Sehwail spoke the U.S. Consulate General in Istanbul regarding an asserted boarding denial by Turkish Airlines on January 21, 2018.

817. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

818. Defendants neither confirm nor deny the allegations in this paragraph, because that information is protected by statute and privileges.

819. Admitted.

820. Admitted.

821. Defendants admit only that on February 2, 2018, certain counsel for the U.S. Department of Justice emailed Mr. Abbas, stating, inter alia, "Mr. Sehwail's current itinerary is not supportable because he is booked on a codeshare flight operated by a foreign carrier ... The U.S-operated air carrier requirement is explicitly laid out in the letter [sent by the State Department to Mr. Sehwail."

822. Denied.

823. Defendants lack sufficient information to admit or deny the allegations in the first sentence of this paragraph. Defendants deny the second sentence of this paragraph.

824. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

825. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

826. Defendants lack sufficient information to admit or deny the allegation regarding the amount of money expended. Defendants neither confirm nor deny the remaining allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

827. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

828. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

829. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

830. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

831. Defendants lack sufficient information to confirm or deny the truth of the allegations in this paragraph.

832. Defendants admit only that Mr. Sehwail was contacted at the gate. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

833. Admit that Plaintiff was escorted to his border inspection.

834. Defendants admit that Mr. Sehwail was escorted from primary inspection to secondary inspection. Otherwise, denied.

835. Defendants admit that Mr. Sehwail was inspected by CBP. Otherwise, denied.

836. Defendants admit that Mr. Sehwail's cell phone was searched. Defendants neither admit nor deny that data was downloaded, as that information is protected by statute and/or privilege. Otherwise, denied.

837. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

838. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

839. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

840. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

841. Admitted.

842. Defendants neither confirm nor deny Mr. Sehwail's alleged status in the TSDB, because that information is protected by statute and privileges.

843. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

844. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

845. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

846. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

847. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

848. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

849. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

850. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

851. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

852. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

853. Defendants lack sufficient information to confirm or deny the allegations regarding actions of airline personnel. Otherwise, Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

854. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

855. Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

856. Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

857. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

858. Defendants lack sufficient information to confirm or deny the allegations regarding actions of airline personnel. Otherwise, Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

859. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

860. Defendants lack sufficient information to confirm or deny the allegations regarding actions of airline personnel. Otherwise, Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

861. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remaining allegations in this paragraph, because the information is protected by statute and privileges.

862. Admit that Mr. Albadawi entered the United States at Hartsfield-Jackson Atlanta International Airport in July 2018. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

863. Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

864. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

865. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

866. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

867. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

868. Defendants neither confirm nor deny Mr. Albadawi's alleged status in the TSDB, because that information is protected by statute and privileges. Further, Defendants neither confirm nor

deny the remaining allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

869. Denied.

870. Denied.

871. Defendants neither admit nor deny that data was downloaded from electronics, because such information is protected by statute and/or privileges. Defendants deny the remaining allegations in this paragraph.

872. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

873. Denied.

874. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

875. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

876. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

877. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

878. Defendants neither confirm nor deny Mr. Albadawi's alleged status in the TSDB, because that information is protected by statute and privileges. Further, Defendants neither confirm nor deny the remaining allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

879. Defendants admit the allegations in the first sentence of this paragraph. With respect to the second sentence of this paragraph, Defendants admit that DHS TRIP issued letters to Mr. Albadawi containing redress control numbers. The remainder of the second sentence of this paragraph constitutes a characterization of the letters, to which the Court is respectfully referred for a full and

accurate statement of their contents. Insofar as this paragraph references or incorporates the allegations set forth in Paragraph 217, Defendants further incorporate their corresponding response to that paragraph here as well.

880. Defendants neither confirm nor deny Mr. Albadawi's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

881. Defendants neither confirm nor deny Mr. Albadawi's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny whether Mr. Albadawi's bank accounts were closed, or whether any such closures were without notice. Defendants deny the remaining allegations in this paragraph.

882. Defendants neither confirm nor deny Mr. Albadawi''s alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

883. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

884. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

885. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

886. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

887. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

888. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

889. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

890. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

891. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

892. Defendants lack sufficient information to admit or deny allegations respecting how the individuals referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges

893. Defendants neither confirm nor deny Mr. Albadawi's alleged status in the TSDB, because that information is protected by statute and privileges.

894. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

895. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

896. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

897. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

108

898. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

899. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

900. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

901. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

902. Defendants admit that CBP officers have encountered Mr. Hall and Ms. Knight at the gate in individual instances. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph..

903. Defendants admit that CBP has escorted the Hall family to secondary inspection in individual instances Defendats further admit that CBP has searched Mr. Hall's belongings in individual instances. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

904. Admit that on specific occasions, Mr. Hall and/or Ms. Knight have been directed to a CBP officer. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

905. Defendants neither admit nor deny that data was downloaded from electronics, because such information is protected by statute and/or privileges. Defendants deny the remaining allegations in this paragraph.

906. Defendants lack sufficient information to admit or deny the allegations in this paragraph. This paragraph pertains to allegations regarding the actions of foreign officials. Defendants neither

confirm nor deny the allegations in this paragraph, to the extent the information is protected by statute and privileges.

907. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

908. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

909. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

910. To the extent that this paragraph refers to Mr. Hall's arrival into the United States on September 11, 2015, Defendants admit that two CBP officers met a flight at the gate that Mr. Hall was on, and that Mr. Hall was identified at the gate. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

911. To the extent that this paragraph refers to Mr. Hall's arrival into the United States on September 11, 2015, Defendants admit that Mr. Hall was referred to secondary from primary, and that he was interviewed by a CBP officer in secondary inspection. To the extent that this paragraph indicates any further allegations, Defendants deny these allegations.

912. Defendants admit that on September 11, 2015, Mr. Hall was inspected at the border and questioned about, among other things, the purpose and nature of his international travel in Morocco. Otherwise, denied.

913. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

914. To the extent that this paragraph refers to Mr. Hall's arrival into the United States on September 11, 2015, Defendants admit that his phone and laptop were examined in a separate room. Defendants neither admit nor deny that any data was downloaded, because that information is protected by statute and/or privilege. To the extent the allegations indicate a different date, these allegations are denied.

915. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

916. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

917. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

918. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

919. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

920. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

921. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

922. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

923. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

923. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

925. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

926. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

927. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

928. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

929. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

930. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

931. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

932. Defendants neither confirm nor deny any member of the Hall Family's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

933. Defendants neither confirm nor deny any member of the Hall Family's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants deny the remaining allegations in this paragraph.

934. Defendants admit only that the Hall family arrived at Philadelphia International Airport on an international flight from Munich on August 10, 2016, that they were met at the arrival gate and escorted to secondary inspection, and the FBI questioned Mr. Hall. Otherwise, denied.

935. Defendants admit only that FBI agents spoke to Mr. Hall; otherwise, denied.

936. Defendants lack sufficient information to admit or deny the hypothetical allegations in this paragraph.

937. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

938. Defendants admit that the Hall family appeared to arrive at Washington Dulles International Airport on January 26, 2017 from an international trip from Tunisia.

939. Defendants admit that Ms. Knight visited an automatic passport control on January 26, 2017. Defendants further admit that Mr. Hall was referred to secondary inspection on January 26, 2017. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

940. Defendants admit only that Mr. Hall was referred to secondary inspection. Otherwise, denied.

941. Defendants admit only that Ms. Knight explained about her travel and work. Otherwise, denied.

942. Admit that Mr. Hall was inspected, and Ms. Knight appears to have been with him. Otherwise, denied.

943. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

944. Denied.

945. Defendants neither admit nor deny that any data was downloaded, as that information is protected by statute and/or privilege. Defendants deny the remaining allegations in this paragraph.

946. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

947. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

948. Defendants neither confirm nor deny Mr. Hall's alleged status in the TSDB, because that information is protected by statute and privileges.

949. Defendants neither confirm nor deny Ms. Knight's alleged status in the TSDB, because that information is protected by statute and privileges.

950. Defendants admit only that in March 2017, Mr. Thadi presented himself at Joint Base Myer-Henderson Hall, and that Mr. Thadi stated contemporaneously that the purpose of his intended visit was to provide a carpet estimate. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

951. Admitted.

952. Defendants admit only that Mr. Thadi was questioned about the purpose of his visit; that Mr. Thadi and his car were photographed; and that Mr. Thadi was denied unescorted access to the base. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

953. With respect to the allegations in the first sentence of this paragrah, Defendants neither confirm nor deny either (1) Mr. Thadi's alleged status in the TSDB, or (2) the reason he was denied unescorted access to Joint Base Myer-Henderson Hall, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the allegations in the second sentence of this paragraph.

954. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

955. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

956. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

957. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

958. Denied.

959. Defendants admit that Mr. Thadi has been inspected at the border on multiple occasions, upon his arrival in the United States after international travel. Otherwise, denied.

960. Defendants neither confirm nor deny that any information has been downloaded or copied, as that is protected by statute and/or privilege. Defendants deny the remainder of these allegations.

961. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

962. Defendants admit only that the FBI has conducted multiple interview of Mr. Thadi, including about the purpose of his trips to Morocco, and when and where he went. Defendants deny the remaining allegations in this paragraph.

963. Defendants neither confirm nor deny Mr. Thadi's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

964. Defendants admit only that Mr. Thadi has filed an incomplete DHS TRIP inquiry and was assigned a redress control number for that inquiry. Defendants further aver that DHS TRIP administratively closed the inquiry. Defendants deny the remaining allegations in this paragraph. Insofar as this paragraph references or incorporates the allegations set forth in Paragraph 217, Defendants further incorporate their corresponding response to that paragraph here as well.

965. Defendants neither confirm nor deny Mr. Thadi's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

966. Defendants neither confirm nor deny Mr. Thadi's alleged status in the TSDB, because that information is protected by statute and privileges.

967. Defendants lack sufficient information to admit or deny the allegations in first sentence of this paragraph. Defendants neither confirm nor deny the remaining allegations contained in this paragraph because that information is protected by statute and privileges.

968. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

969. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

970. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

971. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

972. Defendants admit that Mr. E. Paryavi was previously enrolled in the Global Entry program. Defendants admit that Mr. E. Paryavi arrived at the Dallas Fort Worth International Airport on April 22, 2018. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

973. Defendants admit that Mr. E. Paryavi arrived at the Dallas Fort Worth International Airport on April 22, 2018 and was inspected by CBP upon his arrival. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

974. Defendants admit that CBP conducted a border search of Mr. E. Paryavi's belongngs, including his luggage and his cellular phone. Otherwise, denied.

975. Defendants admit that during CBP's border inspection of Mr. E. Paryavi, CBP Officers asked about his place of residence, place of work, his date of birth, and other information.

976. Defendants admit that during CBP's border inspection of Mr. E. Paryavi, CBP Officers asked about his family members and co-travelers.

977. Defendants admit that Mr. E. Paryavi arrived at the Dallas Fort Worth International Airport on April 22, 2018 and was inspected by CBP. Otherwise, deny.

978. Defendants admit Mr. E. Paryavi's Global Entry was revoked.

979. Defendants admit Mr. E. Paryavi's Global Entry was revoked, except to the extent that it reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges).

980. Denied.

981. Defendants neither confirm nor deny Mr. E. Paryavi's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants deny the remaining allegations in this paragraph.

982. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

983. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

984. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

985. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

986. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm

nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

987. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

988. Admit that on May 28, 2018, Mr. E. Paryavi was inspected by CBP at the San Ysidro Port of Entry. Defendants deny that his passport was confiscated. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

989. Defendants admit that during CBP's border inspection of Mr. E. Paryavi, CBP Officers asked about his place of work and other information. Otherwise, denied.

990. Defendants admit CBP conducted a border inspection of Mr. E. Paryavi. Otherwise, denied.

991. Defendants admit the allegations in the first sentence of this paragraph. With respect to the second sentence of this paragraph, Defendants admit that DHS TRIP issued a letter to Mr. Paryavi containing a redress control number. The remainder of the second sentence of this paragraph constitutes a characterization of the letter, to which the Court is respectfully referred for a full and accurate statement of its contents. Insofar as this paragraph references or incorporates the allegations set forth in Paragraph 217, Defendants further incorporate their corresponding response to that paragraph here as well.

992. Defendants neither confirm nor deny Mr. Paryavi's alleged status in the TSDB, because that information is protected by statute and privileges.

993. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

994. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

995. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

996. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

997. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

998. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

999. Denied.

1000. Denied.

1001. Defendants neither admit nor deny that any information from Mr. Siddiqui's electronics has been downloaded, as that is protected by statute and/or privilege. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1002. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1003. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1004. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1005. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1006. Defendants neither confirm nor deny Mr. Siddiqui's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants deny the remaining allegations in this paragraph.

1007. Defendants neither confirm nor deny Mr. Siddiqui's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1008. Defendants neither confirm nor deny Mr. Siddiqui's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny whether Mr. Siddiqui's bank accounts were closed, or whether any such closures were without notice or explanation. Defendants deny the remaining allegations in this paragraph.

1009. Defendants neither confirm nor deny Mr. Siddiqui's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny whether the bank accounts of Mr. Siddiqui's relatives were closed, or whether any such closures were without notice or explanation. Defendants deny the remaining allegations in this paragraph.

1010. Defendants admit the allegations in the first sentence of this paragraph. With respect to the second sentence of this paragraph, Defendants admit that DHS TRIP issued letters to Mr. Siddiqui containing redress control numbers. The remainder of the second sentence of this paragraph constitutes a characterization of the letters, to which the Court is respectfully referred for a full and accurate statement of their contents. Insofar as this paragraph references or incorporates the allegations set forth in Paragraph 217, Defendants further incorporate their corresponding response to that paragraph here as well.

1011. Defendants neither confirm nor deny Mr. Siddiqui's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1012. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1013. Defendants neither confirm nor deny Mr. Siddiqui's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1014. Defendants neither confirm nor deny Mr. Siddiqui's alleged status in the TSDB, because that information is protected by statute and privileges.

1015. Defendants aver that according to USCIS records, Mr. Bosnic was born in what was, at the time, the state of Yugoslavia. Otherwise, admitted.

1016. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1017. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1018. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1019. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1020. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1021. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1022. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1023. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1024. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1025. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1026. Admitted.

1027. Defendants admit only that the United States Embassy advised Mr. Bosnic to file a DHS TRIP complaint. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1028. Defendants admit that Mr. Bosnic filed a complaint with DHS TRIP. Defendants deny any and all remaining allegations in this paragraph.

1029. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1030. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1031. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1032. Defendants admit only that Mr. Bosnic was interviewed by the FBI at the U.S. Embassy in Sarajevo by Special Agent Emerson Lopez-Fuentes. Defendants deny the remaining allegations in this paragraph.

1033. Admitted.

1034. Defendants admit only that Mr. Bosnic was interviewed by the FBI at the U.S. Embassy in Sarajevo, and that terrorism and ISIS were discussed in this interview. Defendants deny the remaining allegations in this paragraph.

1035. Defendants admit only that the FBI advised that the Bureau could look into why Mr. Bosnic could not fly. Defendants deny the remaining allegations in this paragraph, including but not limited to that the FBI said "they would help him fly again."

1036. Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

1037. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1038. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1039. Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

1040. Defendants admit that Mr. Bosnic sent an email to DHS Trip on May 22, 2017. The remainder of this sentence constitutes a characterization of the email, to which the Court is respectfully referred for a full and accurate statement of its contents.

1041. Defendants admit the allegations of the first sentence of this paragraph. The remainder of the second sentence constitutes a characterization of the attachment to the email, to which the Court is respectfully referred for a full and accurate statement of its contents.

1042. Defendants admit TSA issued a letter on or about June 19, 2017. The remaining allegations of this sentence constitute a characterization of the letter, to which the Court is respectfully referred for a full and accurate statement of its contents.

1043. The allegations of this sentence constitute a characterization of the letter, to which the Court is respectfully referred for a full and accurate statement of its contents.

1044. These allegations constitute conclusions of law to which no response is required.

1045. Defendants admit that Mr. Bosnic's TWIC was suspended. Defendants neither confirm nor deny the remaining allegations in this paragraph because that information in Defendants' possession is protected by statute and privileges.

1046. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1047. Defendants deny that Mr. Bosnic returned to the United States on June 14, 2017 and aver that the date of this return trip was July 19, 2017. Defendants neither confirm nor deny the remaining allegations contained in this paragraph, because that information is protected by statute and privileges.

1048. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1049. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1050. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1051. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1052. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1053. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1054. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1055. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1056. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1057. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1058. Defendants lack sufficient information to confirm or deny the allegations regarding actions of airline personnel. Otherwise, Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1059. Defendants lack sufficient information to confirm or deny the allegations regarding actions of airline personnel. Otherwise, Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1060. Defendants lack sufficient information to confirm or deny the allegations regarding actions of airline personnel. Otherwise, Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1061. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remaining allegations in this paragraph, because the information is protected by statute and privileges.

1062. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1063. Admit that Mr. Bosnic was inspected by CBP at Dulles International Airport in August 2018. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1064. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1065. Defendants deny that the designation of "SSSS" indicates that a person is designated as a known or suspected terrorist. Defendants neither confirm nor deny the remaining allegations in this paragraph, because the information is protected by statute and privileges.

1066. Admitted.

1067. Defendants neither confirm nor deny Mr. Bosnic's alleged status in the TSDB, because that information is protected by statute and privileges.

1068 Admit that in January of 2014, the plaintiff arrived at Miami International Airport following a trip to Morocco and Egypt.

1069. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1070. Admit that Mr. Din was referred for additional scrutiny, commonly known as secondary inspection, and that CBP searched his belongings.

1071. Admit that CBP Officers questioned Mr. Din during his border inspecction. Otherwise, denied.

1072. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1073. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the

remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1074. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1075. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1076. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1077. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1078. Defendants lack sufficient information to admit or deny allegations respecting how the individuals referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1079. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1080. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1081. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1082. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1083. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1084. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1085. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1086. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1087. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1088. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1089. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1090. Defendants neither confirm nor deny Mr. Din's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1091. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1092. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1093. Defendants neither confirm nor deny Mr. Din's alleged status in the TSDB, because that information is protected by statute and privileges.

1094. Defendants aver that Mr. Muminov naturalized on February 15, 2019

1095. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1096. Admit that on January 10, 2013, the plaintiff was returning to the United States from Canada.

1097. Defendants admit that CBP Officers are armed and that part of the inspection process for admission to the United States involves examination of appropriate travel documents and passports. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1098. Defendants admit that CBP Officers are armed. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1099. Admit that CBP officers escorted Mr. Muminov to a holding cell. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1100. Defendants lack sufficient information to confirm or deny the details as to what Mr. Muminov was wearing when he was placed in a holding cell. Otherwise, denied.

1101. Admit that Mr. Muminov was interviewed by CBP and that the conversation touched upon various topics, including his travel, his home-country and whether he belongs to any groups. Otherwise, denied.

1102. Admit that CBP conducted a border search of Mr. Muminov and as part of that border search CBP interviewed Mr. Muminov and inspected his belongings. Deny that Mr. Muminov was interrogated. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1103. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1104. Defendants admit that CBP conducted a border search of Mr. Muminov's cell phone. Defendants neither admit nor deny that any data was downloaded, as that information is protected by statute and/or privilege. Otherwise, denied.

1105. Defendants neither confirm nor deny Mr. Mumivov's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1106. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1107. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1108. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1109. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1110. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1111. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1112. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1113. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1114. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1115. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1116. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1117. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1118. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1119. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1120. Defendants neither confirm nor deny Mr. Mumivov's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1121. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1122. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1123. Defendants neither confirm nor deny Mr. Muminov's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants deny the remaining allegations contained in this paragraph, and aver that Mr. Muminov's first application for citizenship was denied approximately 13 months after it was filed, for Poor Moral Character (False Testimony/Lying). Mr. Muminov's second application for citizenship was approved, and he was naturalized approximately two years after this second application was filed.

1124. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1125. Defendants neither confirm nor deny Mr. Muminov's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1126. Defendants neither confirm nor deny Mr. Muminov's alleged status in the TSDB, because that information is protected by statute and privileges. With respect to the remainder of the allegations in this paragraph, Defendants admit only that that FBI has interviewed Mr. Muminov; otherwise, denied.

1127. Defendants deny the allegations in the first sentence of this paragraph. With respect to the second sentence of this paragraph, Defendants admit that DHS TRIP issued a letter to Mr. Muminov containing a redress control number. The remainder of the second sentence of this paragraph constitutes a characterization of the letter, to which the Court is respectfully referred for a full and accurate statement of its contents. Insofar as this paragraph references or incorporates the allegations set forth in Paragraph 217, Defendants further incorporate their corresponding response to that paragraph here as well.

1128. Defendants neither confirm nor deny Mr. Muminov's alleged status in the TSDB, because that information is protected by statute and privileges.

1129. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1130. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1131. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1132. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1133. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1134. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1135. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1136. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1137. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1138. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1139. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1140. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1141. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1142. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1143. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1144. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1145. Admit that on August 19, 2017, Ms. Mujanovic and her husband returned to the United States at the Minneapolis-Saint Paul International Airport.

1146. Admit that upon Ms. Mujanovic and her husband were directed to secondary inspection and placed in an interview room. Further admit that the border inspection included an interview and examination of their bags. Otherwise, denied.

1147. Defendants admit that Ms. Mujanovic was interviewed and the conversation touched upon various topics, including ISIS and involvement in charitable organizations. Otherwise deny

1148. Denied.

1149. Defendants admit that Ms. Mujanovic's husband was subject to a border inspection which included an interview. Otherwise, denied.

1150. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1151. Admit that CBP conducted a border inspection of Ms. Mujanovic and her husband's cell phones. Defendants neither admit nor deny that any data was downloaded, as such information is protected by statute and/or privilege. Otherwise, denied.

1152. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1153-1154. Defendants deny that Ms. Mujanovic's children have ever been referred for a secondary inspection at the border, and that they were "interrogated." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1154. Denied.

1155. Denied.

1156. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1157. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1158. Defendants neither confirm nor deny Ms. Mujanovic's alleged status in the TSDB, because that information is protected by statute and privileges. With respect to the remainder of the allegations in this paragraph, Defendants admit only that that FBI has attempted to interview Ms. Mujanovic; otherwise, denied.

1159. Defendants admit only that the FBI attempted to interview Ms. Mujanovic; otherwise, denied.

1160. Defendants neither confirm nor deny Ms. Mujanovic's alleged status in the TSDB, because that information is protected by statute and privileges. With respect to the remainder of the allegations in this paragraph, Defendants admit only that that FBI has interviewed Ms. Mujanovic; otherwise, denied.

1161. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1162. Defendants neither confirm nor deny Ms. Mujanovic's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants deny the remaining allegations in this paragraph.

1163. Defendants neither confirm nor deny Ms. Mujanovic's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1164. Defendants neither confirm nor deny whether Ms. Mujanovic no longer travels by air, because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1165. Defendants neither confirm nor deny Ms. Mujanovic's alleged status in the TSDB, because that information is protected by statute and privileges.

1166. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1167. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1168. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1169. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1170. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1171. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1172. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1173. Denied.

1174. Denied.

1175. Defendants neither admit nor deny that data was ever downloaded from Mr. Hachem's electronic devices, because such information is protected by statute and/or privileges. Defendants deny the remaining allegations in this paragraph.

1176. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1177. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1178. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1179. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1180. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1181. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1182. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1183. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1184. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1185. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1186. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1187. Defendants lack sufficient information to admit or deny the allegations in this paragraph. This paragraph pertains to allegations regarding the actions of foreign officials.

1188. Defendants lack sufficient information to admit or deny the allegations in this paragraph. This paragraph pertains to allegations regarding the actions of foreign officials.

1189. Defendants CBP deny that Mr. Hachem is "interrogated" by CBP in the United States. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph. This paragraph pertains to allegations regarding the actions of foreign officials.

1190. Defendants neither confirm nor deny the allegations in this paragraph because that information is protected by statute and privileges.

1191. Defendants lack sufficient information to admit or deny the allegations in this paragraph. This paragraph pertains to allegations regarding the actions of foreign officials.

1192. Defendants neither confirm nor deny Mr. Hachem's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1193. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1194. Defendants lack sufficient information to admit or deny the allegations in first sentence of this paragraph. Defendants neither confirm nor deny the remaining allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1195. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1196. Admit that upon arrival at Miami International Airport, Mr. Hachem was escorted to CBP and referred for secondary inspection. Admit that Mr. Hachem's co-traveler, who he identified as his attorney, was escorted to CBP and referred for secondary inspection.

1197. Admit that Mr. Hachem and his co-traveler, who he identified as his attorney, were processed individually. Admit that Mr. Hachem's attorney requested that they not be separated.

1198. Admit that CBP Officers described the inspection process to Mr. Hachem's attorney.

1199. Deny the first sentence. Admit that Plaintiff Hachem refused to answer questions.

1200. Admitted.

1201. Defendants admit that Mr. Hachem's attorney inquired about Mr. Hachem and that CBP Officers reunited Mr. Hachem and his attorney following CBP's questioning of Mr. Hachem and the two left the inspection area together. Otherwise, denied.

1202. Defendants neither confirm nor deny Mr. Paryavi's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1203. Admit that Mr. Hachem applied to Global Entry and his application was denied. Otherwise, denied.

1204. Defendants neither admit nor deny these allegations because such information is protected by statute and privilege.

1205. Defendants neither confirm nor deny Mr. Hachem's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1206. Defendants neither confirm nor deny Mr. Hachem's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny whether Mr. Hachem's bank accounts were closed, or whether any such closures were without notice. Defendants deny the remaining allegations in this paragraph.

1207. Defendants admit the allegations in the first sentence of this paragraph. With respect to the second sentence of this paragraph, Defendants admit that DHS TRIP issued a letter to Mr.

Hachem containing a redress control number. The remainder of the second sentence of this paragraph constitutes a characterization of the letter, to which the Court is respectfully referred for a full and accurate statement of its contents. Insofar as this paragraph references or incorporates the allegations set forth in Paragraph 217, Defendants further incorporate their corresponding response to that paragraph here as well.

1208. Defendants neither confirm nor deny Mr. Riad's alleged status in the TSDB, because that information is protected by statute and privileges.

1209. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1210. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1211. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1212. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1213. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1214. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1215. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1216. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1217. Defendants lack sufficient information to admit or deny the allegations in this paragraph. Otherwise, denied.

1218. Denied.

1219. Denied. Defendants neither admit nor deny that any data was downloaded, as that information is protected by statute and/or privilege. Defendants deny the remaining allegations in this paragraph.

1220. Defendants admit only that Mr. Riad departed the United States on December 21, 2018, on an international flight from Orlando International Airport, to Istanbul, Turkey. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1221. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1222. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1223. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the

remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1224. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1225. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1226. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1227. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1228. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1229. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1230. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1231. Defendants neither confirm nor deny Mr. Riad's alleged status in the TSDB, because that information is protected by statute and privileges Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1232. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1233. Defendants admit that on December 30, 2018, Mr. Riad and his wife arrived at Orlando International Airport following a trip abroad.

1234. Defendants admit that on December 30, 2018, Mr. Riad and his wife were inspected by CBP upon their arrival at the Orlando International Airport. Otherwise, denied.

1235. Defendants admit that on December 30, 2018, CBP conducted a border search of Mr. Riad and his wife's belongings. Otherwise, denied.

1236. Defendants admit that on December 30, 2018, CBP conducted a border search of Mr. Riad's phone. Defendants neither admit nor deny that any data was downloaded from Mr. Riad's phone, because such information is protected by statute and/or privilege. Otherwise, denied.

1237. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1238. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1239. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1240. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1241. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1242. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1243. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated." Defendants neither confirm

146

nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1244. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1245. Defendants admit the allegations in the first sentence of this paragraph. With respect to the second sentence of this paragraph, Defendants admit that DHS TRIP issued a letter to Mr. Riad containing a redress control number. The remainder of the second sentence of this paragraph constitutes a characterization of the letter, to which the Court is respectfully referred for a full and accurate statement of its contents. Insofar as this paragraph references or incorporates the allegations set forth in Paragraph 217, Defendants further incorporate their corresponding response to that paragraph here as well.

1246. Defendants neither confirm nor deny Mr. Riad's alleged status in the TSDB, because that information is protected by statute and privileges.

1247. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1248. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1249. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1250. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1251. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1252. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1253. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1254. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1255. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1256. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1257. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1258. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the

remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1259. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1260. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1261. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1262. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1263. Defendants neither confirm nor deny Mr. Kamel's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1264. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1265. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1266. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1267. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1268. Defendants neither confirm nor deny Mr. Kamel's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1269. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1270. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1271. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1272. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1273. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1274. Defendants admit only that Mr. Kamel was interviewed by an FBI agent and was asked about the Muslim; otherwise, denied.

1275. Defendants lack sufficient information to admit or deny the allegations in this paragraph. Defendants neither admit nor deny that any data was downloaded from Mr. Kamel's cell phone, as that information is protected by statute and/or privilege. Defendants deny the remaining allegations in this paragraph.

1276. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1277. Defendants neither confirm nor deny Mr. Kamel's alleged status in the TSDB, because that information is protected by statute and privileges. With respect to the remainder of the allegations in this paragraph, Defendants admit only that the FBI has interviewed Mr. Kamel; otherwise, denied.

1278. Admit that Mr. Kamel was encountered at the Los Angeles International Airport in 2015 and 2016, but deny that this allegation is an example or illustration of the allegations asserted in

paragraph 1277. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1279. Defendants neither confirm nor deny Mr. Kamel's alleged status in the TSDB, because that information is protected by statute and privileges. With respect to the remainder of the allegations in this paragraph, Defendants admit only that one FBI agent interviewed Mr. Kamel on this occasion regarding, inter alia, his mosque; otherwise, denied

1280. Denied. Insofar as this paragraph references or incorporates the allegations set forth in Paragraph 217, Defendants further incorporate their corresponding response to that paragraph here as well.

1281. Defendants neither confirm nor deny Mr. Kamel's alleged status in the TSDB, because that information is protected by statute and privileges.

1282. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1283. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1284. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1285. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1286. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1287. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1288. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1289. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1290. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1291. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1292. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1293. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1294. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1295. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1296. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1297. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1298. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1299. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1300. Defendants neither confirm nor deny Mr. Abunijem's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1301. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1302. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1303. Defendants lack sufficient information to confirm or deny the allegations regarding actions of airline personnel. Otherwise, Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1304. Defendants lack sufficient information to confirm or deny the allegations regarding actions of airline personnel. Otherwise, Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1305. Defendants lack sufficient information to confirm or deny the allegations regarding actions of airline personnel. Otherwise, Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1306. Defendants lack sufficient information to confirm or deny the allegations regarding actions of airline personnel. Otherwise, Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1307. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges. Defendants deny that the designation of "SSSS" on a boarding past indicates that a person is designated as a known or suspected terrorist.

1308. Defendants lack sufficient information to confirm or deny the allegations regarding actions of airline personnel. Otherwise, Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1309. Admit that Mr. Abunijem arrived at San Francisco International Airport. Otherwise, denied.

1310. Admit that Mr. Abunijem was referred for secondary inspection. Otherwise, denied.

1311. Admit that CBP officers asked Mr. Abunijem questions. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1312. Defendants admit that Mr. Abunijem was separated from his electronic devices. Defendants neither admit nor deny the remaining allegations in this paragraph, because the information is protected by statute and/or privileges.

1313. Defendants admit that Mr. Abunijem's baggage was inspected. Otherwise, denied.

1314. Defendants admit that the inspection lasted approximately two hours. Otherwise, denied

1315. Defendants admit that Mr. Abunijem traveled from Germany to the United States on multiple occasions in 2009. Defendants lack sufficient information to confirm or deny the remaining allegations in this paragraph.

1316. Defendants lack sufficient information to confirm or deny the allegations regarding actions of the German authorities. Otherwise, Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1317. Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

1318. Defendants admit the allegations in the first sentence of this paragraph. With respect to the second sentence of this paragraph, Defendants admit that DHS TRIP issued letters to Mr. Abunijem containing redress control numbers. The remainder of the second sentence of this paragraph constitutes a characterization of the letters, to which the Court is respectfully referred for a full and accurate statement of their contents. Insofar as this paragraph references or incorporates

155

the allegations set forth in Paragraph 217, Defendants further incorporate their corresponding response to that paragraph here as well.

1319. Defendants neither confirm nor deny Mr. Abunijem's alleged status in the TSDB, because that information is protected by statute and privileges.

1320. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1321. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1322. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1323. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1324. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1325. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1326. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1327. Denied.

1328. Defendants neither confirm nor deny that any information has been downloaded from electronic devices, as that information is protected by statute and/or privileges. Defendants deny the remaining allegations in this paragraph.

1329. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges

1330. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges

1331. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1332. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remaining allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1333. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1334. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1335. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1336. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1367. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1338. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1339. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1340. Defendants neither confirm nor deny Mr. Hijaz's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1341. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated." Defendants neither confirm

nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1342. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist.

1343. Defendants lack sufficient information to admit or deny the allegations in this paragraph. This paragraph pertains to allegations regarding the actions of foreign officials. Defendants neither confirm nor deny the allegations in this paragraph, to the extent the information is protected by statute and privileges.

1344. Defendants lack sufficient information to admit or deny the allegations in this paragraph. This paragraph pertains to allegations regarding the actions of foreign officials.

1345. Admitted.

1346. Admitted.

1347. Defendants admit only that Mr. Hijaz was traveling with his family and was referred for secondary inspection and that the conversation touched upon various topics, including his travel and the mosque Mr. Hijaz attends. Otherwise, denied.

1348. Defendants admit only that CBP Officers performed a border search of the device Mr. Hijaz carried during his border inspection. Defendants neither admit nor deny that data was downloaded, because such information is protected by statute and/or privileges. Defendants deny the remaining allegations in this paragraph.

1349. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1350. Defendants neither confirm nor deny Mr. Hijaz's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1351. Defendants deny that Mr. Hijaz's citizenship application is still pending and aver that it was denied on July 26, 2019, for lack of good moral character/false testimony under oath.

1352. Defendants neither confirm nor deny Mr. Hijaz's alleged status in the TSDB, because that information is protected by statute and privileges. The remaining allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, denied. Defendants further aver that USCIS denied Mr. Hijaz's application for citizenship approximately 28 months after it was filed.

1353. Defendants neither confirm nor deny Mr. Hijaz's alleged status in the TSDB, because that information is protected by statute and privileges. The remaining allegations in this paragraph are speculative and Defendants can either admit or deny hypothetical future facts which have not yet occurred and may never occur.

1354. Defendants neither confirm nor deny Mr. Hijaz's alleged status in the TSDB, because that information is protected by statute and privileges.

1355. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1356. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

160

1357. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1358. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1359. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1360. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1361. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1362. Admit that Mr. Soueidan has been inspected at the border when he enters the United States. Otherwise, denied.

1363. Admit that Mr. Soueidan has been inspected at the border when he enters the United States. Otherwise, denied.

1364. Defendants neither admit nor deny that any data was downloaded from Mr. Soueidan's electronics, as that information is protected by statute and/or privileges. Otherwise, denied.

1365. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1366. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1367. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1368. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1369. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1370. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1371. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1372. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1373. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1374. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1375. Defendants neither confirm nor deny Mr. Soueidan's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1376.  Defendants admit that on January 23, 2018, Mr. Soueidan arrived in the United States following a trip to Lebanon and was met by two CBP Officers at the gate. Otherwise, denied.

1377. Defendants admit that Mr. Soueidan was subject to a border search where he was interviewed and his belongings were searched. Otherwise, denied.

1378. Defendants admit that Mr. Soueidan was subject to a border search which included an interview wherein the conversation touched upon various topics including his travel. Otherwise, denied.

1379. Defendants admit that Mr. Soueidan's cellphone was subject to a border search. Defendants neither admit nor deny that any data was downloaded, as such information is protected by statute and/or privileges. Otherwise, denied.

1380. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1381. Defendants neither confirm nor deny Mr. Soueidan's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1382. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1383. Defendants admit the allegations in the first sentence of this paragraph. With respect to the second sentence of this paragraph, Defendants admit that DHS TRIP issued letters to Mr. Soueidan containing redress control numbers. The remainder of the second sentence of this paragraph constitutes a characterization of the letters, to which the Court is respectfully referred for a full and accurate statement of their contents. Insofar as this paragraph references or incorporates the allegations set forth in Paragraph 217, Defendants further incorporate their corresponding response to that paragraph here as well.

1384. Defendants neither confirm nor deny Mr. Soueidan's alleged status in the TSDB, because that information is protected by statute and privileges.

1385. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1386. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1387. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1388. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1389. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1390. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1391.Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1392. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1393. Denied.

1394. Defendants neither admit nor deny that data is downloaded from Mr. Elamin's electronics because such information is protected by statute and/or privileges. Defendants deny the remaining allegations in this paragraph.

1395. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1396. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1397. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1398. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1399. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1400. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1401. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1402. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1403. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1404. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1405. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1406. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1407. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1408. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1409. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1410. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1411. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1412. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1413. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1414. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1415. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1416. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1417. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1418. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1419. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1420. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1421. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1422. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1423. The Court dismissed Count XIII of the Second Amended Complaint, to which thsee allegations relate, and no response to this paragraph is required. To the extent a response is deemed required, Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1424. The Court dismissed Count XIII of the Second Amended Complaint, to which these allegations relate, and no response to this paragraph is required. To the extent a response is deemed required, Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1425. The Court dismissed Count XIII of the Second Amended Complaint, to which these allegations relate, and no response to this paragraph is required. To the extent a response is deemed required, Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1426. The Court dismissed Count XIII of the Second Amended Complaint, to which these allegations relate, and no response to this paragraph is required. To the extent a response is deemed required, Defendants neither confirm nor deny Mr. Elamin's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants admit only that Jessup Correctional Institution is a law enforcement agency with authorized access to the NCIC database,

and as such may query the NCIC and potentially receive results from the Known and Suspected Terrorist (KST) File, which is comprised of a subset of TSDB data. Defendants lack sufficient information to admit or deny the allegations as to what Jessup and its employees or officials learned or did.

1427. The Court dismissed Count XIII of the Second Amended Complaint, to which these allegations relate, and no response to this paragraph is required. To the extent a response is deemed required, Defendants neither confirm nor deny Mr. Elamin's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the allegations as to what Jessup and its employees or officials learned or did.

1428. Defendants admit the allegations in the first sentence of this paragraph. With respect to the second sentence of this paragraph, Defendants admit that DHS TRIP issued a letter to Mr. Elamin containing a redress control number. The remainder of the second sentence of this paragraph constitutes a characterization of the letter, to which the Court is respectfully referred for a full and accurate statement of its contents. Insofar as this paragraph references or incorporates the allegations set forth in Paragraph 217, Defendants further incorporate their corresponding response to that paragraph here as well.

1429. Defendants neither confirm nor deny Mr. Elamin's alleged status in the TSDB, because that information is protected by statute and privileges.

1430. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1431. Defendants admit only that by letter dated May 9, 2018, DHS TRIP informed Plaintiff Shirwa that he was on the U.S. Government's No Fly List. DHS TRIP issued a final determination letter in response to the inquiry on or about April 25, 2019, informing Plaintiff Shirwa that he was no longer on the No Fly List. Defendants neither confirm nor deny the remaining allegations in this

paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1432. Defendants admit that by letter dated May 9, 2018, DHS TRIP informed Plaintiff Shirwa that he was on the U.S. Government's No Fly List. DHS TRIP issued a final determination letter in response to the inquiry on or about April 25, 2019, informing Plaintiff Shirwa that he was no longer on the No Fly List. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1433. Denied.

1434. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1435. Defendants lack sufficient information to confirm or deny the allegations regarding actions of airline personnel. Otherwise, Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1436. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1437. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1438. Defendants lack sufficient information to confirm or deny the allegations regarding actions of airline personnel. Otherwise, Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1439. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the

remaining allegations in this paragraph, because the information is protected by statute and privileges.

1440. Defendants admit that Mr. Shirwa and his belongings were inspected by CBP. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1441. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1442. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1443. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1444. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1445. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1446. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1447. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1448. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1449. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1450. Defendants neither confirm nor deny Mr. Shirwa's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1451. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1452. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1453. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1454. Defendants lack sufficient information to confirm or deny the allegations regarding actions of airline personnel. Otherwise, Defendants neither confirm nor deny the allegations in this

172

paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1455. Defendants admit that DHS TRIP sent Mr. Shirwa an email on or about May 9, 2018, which attached a letter. The paragraph includes a characterization of the letter, to which the Court is respectfully referred for a full and accurate statement of its contents. Defendants lack sufficient information to confirm or deny the allegation regarding when Mr. Shirwa located this email and letter. Defendants deny the remaining allegations in this paragraph.

1456. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1457. Denied.

1458. Denied.

1459. Defendants neither confirm nor deny the allegations in this paragraph, because that information is protected by statute and privileges.

1460. Defendants admit the allegations in the first sentence of this paragraph. With respect to the second sentence of this paragraph, Defendants admit that DHS TRIP issued a letter to Mr. Shirwa containing a redress control number. The remainder of the second sentence of this paragraph constitutes a characterization of the letter, to which the Court is respectfully referred for a full and accurate statement of its contents. Defendants further aver that by letter dated May 9, 2018, DHS TRIP informed Plaintiff Shirwa that he was on the U.S. Government's No Fly List. DHS TRIP issued a final determination letter in response to the inquiry on or about April 25, 2019, informing Plaintiff Shirwa that he was no longer on the No Fly List. Insofar as this paragraph references or incorporates the allegations set forth in Paragraph 217, Defendants further incorporate their corresponding response to that paragraph here as well.

1461. Defendants neither confirm nor deny Mr. Shirwa's alleged status in the TSDB, because that information is protected by statute and privileges.

1462. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1463. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1464. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1465. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1466. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1467. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1468. Defendants admit that Mr. Kadoumi has been met at the gate in individual instances. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1469. Defendants admit that Mr. Kadoumi has been escorted to primary inspection in individual instances. Defendants also admit that Mr. Kadoumi has been inspected in individual instances, and that his baggage has been searched in individual instances. Defendants deny the remaining allegations in this paragraph.

1470. Defendants admit that Mr. Kadoumi has on at least one occasion had his electronics searched. Defendants neither admit nor deny that any data has been downloaded as such information is protected by statute and/or privilege.

1471. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1472. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1473. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1474. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1475. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1476. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1477. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1478. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1479. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1480. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1481. Defendants neither confirm nor deny Mr. Kadoumi's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1482. Defendants admit that CBP officers met Mr. Kadoumi at his gate upon arrival at San Francisco International Airport on September 27, 2018 following an international flight from Istanbul, Turkey via Germany. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1483. Defendants admit that Mr. Kadoumi was met at the gate by CBP and identified using his passport. Defendants further admit Mr. Kadoumi was interviewed in secondary inspection. Defendants lack sufficient information to admit or deny the remaing allegations in this paragraph.

1484. Defendants admit Mr. Kadoumi underwent a baggage exam on September 27, 2019. Otherwise, denied.

1485. Defendants admit that Mr. Kadoumi arrived at Los Angeles International Airport from an international flight on October 17, 2015. To the extent this paragraph refers to another encounter, Defendants lack sufficient information to admit or deny the allegations.

1486. Defendants admit that officers met Mr. Kadoumi at his gate upon arrival at Los Angeles International Airport on October 17, 2015, following an international flight from Jeddah, and that these officers escorted him to Passport Control Primary for immigration processing. Defendants admit that officers later escorted Mr. Kadoumi for Secondary examination. To the extent this paragraph suggests otherwise, deny.

1487. Defendant deny that, on October 17, 2015, Mr. Kadoumi met a CBP Officer Gonzalez. Defendants admit that, on October 17, 2015, Mr. Kadoumi met a CBP Officer Rodriguez, and that he was inspected at the border and questioned about numerous topics including, inter alia, his work and the fundraising activities of a non-profit organization and the purpose for his international travel. Otherwise, denied.

1488. Defendants neither confirm nor deny Mr. Kadoumi's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1489. Defendants admit that Mr. Kadoumi appears to have arrived at San Francisco International Airport from an international flight on February 28, 2019.

1490. Defendants admit two CBP officers met Mr. Kadoumi at his gate upon arrival on February 28, 2019, and escorted him through primary inspection.

1491. Defendants admit that the officer explained that, if Mr. Kadoumi did not provide his passport, his phone may be detained until an inspection could be conducted. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1492. Defendants admit that on February 28, 2019, Mr. Kadoumi supplied the password to his cell phone to CBP officers during his border inspection. Defendants neither admit nor deny that any data from his cell phone was downloaded as such information is protected by statute and/or privilege. Defendants lack knowledge or information as to how Mr. Kadoumi "felt." Otherwise, denied.

1493. Denied.

1494. Defendants neither confirm nor deny Mr. Kadoumi's alleged status in the TSDB, because that information is protected by statute and privileges. With respect to the remainder of the allegations in this paragraph, Defendants admit only that that FBI has interviewed Mr. Kadoumi; otherwise, denied.

1495. Defendants admit only that Mr. Kadoumi has filed an incomplete DHS TRIP inquiry and was assigned a redress control number for that inquiry. Defendants further aver that DHS TRIP administratively closed the inquiry. Defendants deny the remaining allegations in this paragraph.

1496. Defendants neither confirm nor deny Mr. Kadoumi's alleged status in the TSDB, because that information is protected by statute and privileges.

1497. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1498. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the

remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1499. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1500. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1501. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1502. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1503. Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

1504. Defendants deny that a boarding pass marked "SSSS" indicates that the individual has been designated as a known or suspected terrorist. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the information in Defendants' possession is protected by statute and privileges.

1505. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1506. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1507. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1508. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1509. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1510. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1511. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1512. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1513. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1514. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1515. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1516. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1517. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1518. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1519. Defendants admit that on more than one occasion Mr. Al-Sahlani was inspected at the border by CBP officers and questioned about his activities while abroad and his occupation.

1520. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1521. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1522. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1523. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1524. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1525. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1526. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1527. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1528. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1529. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1530. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1531. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1532. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1533. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1534. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1535. Defendants admit only that Mr. Al-Sahlani applied to Global Entry and his application was denied. Defendants neither admit nor deny the remaining allegations in this paragraph as that information is protected by statute and/or privilege.

1536. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1537. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1538. Defendants neither confirm nor deny Mr. Al-Sahlani's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1539. Defendants neither confirm nor deny Mr. Al-Sahlani's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants deny that Mr. Al-Sahlani "is unable [to perform hajj] because of Defendants." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1540. Defendants neither confirm nor deny Mr. Al-Sahlani's alleged status in the TSDB, because that information is protected by statute and privileges. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

1541. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1542. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1543. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1544. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1545. Defendants lack sufficient information to admit or deny allegations respecting how the individual(s) referenced by this paragraph feel they have been treated. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1546. Defendants lack sufficient information to admit or deny waht Mr. Al-Sahlani's children feel. Defendants neither confirm nor deny the remaining allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

1547. Defendants admit the allegations in the first sentence of this paragraph. With respect to the second sentence of this paragraph, Defendants admit that DHS TRIP issued a letter to Mr. Al-Sahlani containing a redress control number. The remainder of the second sentence of this

paragraph constitutes a characterization of the letter, to which the Court is respectfully referred for a full and accurate statement of its contents. Insofar as this paragraph references or incorporates the allegations set forth in Paragraph 217, Defendants further incorporate their corresponding response to that paragraph here as well.

1548. Defendants neither confirm nor deny Mr. Al-Sahlani's alleged status in the TSDB, because that information is protected by statute and privileges.

## COUNT I

1549. The foregoing responses are incorporated herein.

1550. Defendants admit only that Mr. Bosnic and Mr. Shirwa were both previously on the No Fly List and subsequently removed. Otherwise, Defendants neither admit nor deny the allegations in this paragraph because they reflect watchlist status of particular individuals – information which is protected by statute and privileges.

1551. Defendants neither admit nor deny whether any Plaintiff has ever been implicated by TSA and/or CBP's rules-based screening programs,  because this information is protected by statute and privileges. Otherwise, denied.

1552. The allegations contained in the first sentence constitute conclusions of law to which no response is required, but to the extent a response is deemed required, denied. The first sentence also purports to characterize or partially quote an opinion of the Eastern District of Virginia -- to which no Plaintiff to this suit was a party -- and to which the Court is referred for a full and accurate statement of its contents. The allegations in the second sentence appear to refer back to allegations "described above" in the Complaint in a compound manner with respect to all plaintiffs, and the Court is referred to Defendants responses to the Plaintiff's allegations above. Defendants lack sufficient information to admit or deny the allegations in the third sentence.

1553. The allegations in this paragraph purports to characterize or partially quote an opinion of the Eastern District of Virginia -- to which no Plaintiff to this suit was a party -- and to which the Court is referred for a full and accurate statement of its contents. Further, the allegations contained in the first and third sentences constitute conclusions of law to which no response is required. To the extent a response to either of these sentences is deemed required, denied. With respect to the allegations contained in the second sentence, Defendants admit only that Mr. Bosnic and Mr. Shirwa were both previously on the No Fly List and subsequently removed, and that during the periods when Mr. Bosnic and Mr. Shirwa were, respectively, on the No Fly List, their respective statuses were available under limited circumstances to entities authorized to receive TSDB information for official purposes. Otherwise, Defendants neither admit nor deny the allegations in this paragraph because they reflect watchlist status of particular individuals – information which is protected by statute and privileges.

1554. These allegations constitute conclusions of law to which no response is required. The allegations are also vague, compound and ambiguous, and therefore Defendants therefore lack information sufficient to admit or deny them. Further, to the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny because that information is protected by statute and privileges.

1555. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny that any of the Plaintiffs learned of their watchlist status (or lack thereof), except that Mr. Bosnic and Mr. Shirwa were each, respectively, previously informed that he was on the No Fly List, and then later told that he has been removed from the No Fly List. Otherwise, Defendants lack sufficient information to confirm or deny the allegations in this paragraph, except to the extent that this paragraph reflects the watchlist status of

particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges.

1556. To the extent that these allegations reflect the watchlist status of any Plaintiff, and/or whether any Plaintiff has ever been implicated by TSA and/or CBP's rules-based screening programs, Defendants can neither admit nor deny the allegations because this information is protected by statute and privileges. Otherwise, Defendants deny these allegations. The allegations in the third sentence constitute conclusions of law and/or characterizations of the action, to which no response is required. To the extent a response to this sentence is deemed required, denied. Defendants also deny all remaining allegations contained in this paragraph.

1557. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1558. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied, -- except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1559. With respect to the allegations contained in the first sentence, Defendants admit only that the reasonable suspicion standard for inclusion in the TSDB is based on the fact-specific totality of the circumstances related to a given individual; nominations to the TSDB must not be based solely

on the individual's race, ethnicity, or religious affiliation, nor solely on beliefs and activities protected by the First Amendment. The allegations contained in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied –except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1560. Denied, except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1561. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required,  denied – except to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges.

1562. These allegations contain conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants admit only that Mr. Bosnic and Mr. Shirwa were both previously on the No Fly List and subsequently removed, and that during the periods when Mr. Bosnic and Mr. Shirwa were, respectively, on the No Fly List, their respective statuses were disseminated under limited circumstances to entities authorized to receive TSDB information for official purposes. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals."

Otherwise, Defendants neither admit nor deny the allegations in this paragraph because they reflect watchlist status of particular individuals – information which is protected by statute and privileges.

1563. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

1564. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1565. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1566. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

1567. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit only that DHS TRIP does not include a hearing before an impartial tribunal. Otherwise, denied – except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs'

averments regarding "similarly affected individuals," which Defendants lack information sufficient to admit or deny.

1568. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1569. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges.

1570. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges.

1571. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1572. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except (1) to the extent that this paragraph reflects

the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

The unnumbered paragraph following paragraph 1572 is a statement of the relief sought and requires no response. To the extent a response is deemed required, denied.

### COUNT II

1573. The foregoing responses are incorporated herein.

1574. These allegations constitute conclusions of law to which no response is required.

1575. Defendants admit only that Mr. Bosnic and Mr. Shirwa were each, respectively, previously placed on the No Fly List, and then later removed; Defendants deny that they lacked reasonable suspicion sufficient to justify these prior placements during the time periods in which they were, respectively, made and maintained. Defendants neither admit nor deny the remaining allegations respecting watchlist status in this paragraph because that information is protected by statute and privileges. Otherwise, denied.

1576. To the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Otherwise, denied.

1577. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1578. With respect to the allegations contained in the first sentence, Defendants admit only that the reasonable suspicion standard for inclusion in the TSDB is based on the fact-specific totality of the circumstances related to a given individual; nominations to the TSDB must not be based solely on the individual's race, ethnicity, or religious affiliation, nor solely on beliefs and activities protected by the First Amendment. The allegations contained in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1579. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges.

1580. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1581. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that

information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1582. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1583. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

1584. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

1585. The allegations contained in the first sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied. With respect to the allegations contained in the second sentence, Defendants neither confirm nor deny the historical TSDB status of any individual(s), because that information is protected by statute and privileges. Defendants further do not know what is intended by ""violent act of terrorism,"" and therefore lack information sufficient to admit or deny that allegation.

1586. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments

regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1587. These allegations constitute conclusions of law and/or characterizations of the action, to which no response is required. To the extent a response is deemed required, denied – except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1588. These allegations constitute conclusions of law and/or characterizations of the action, to which no response is required. To the extent a response is deemed required, denied.

1589. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1590. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

The unnumbered paragraph following paragraph 1590 is a statement of the relief sought and requires no response. To the extent a response is deemed required, denied.

## COUNT III

1591. The foregoing responses are incorporated herein.

1592. These allegations constitute conclusions of law and/or characterizations of the action, to which no response is required. To the extent a response is deemed required, denied – except to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges.

1593. To the extent that these allegations purport to characterize or partially quote judicial opinions, the Court is respectfully referred to those opinions for full and accurate statements of their contents. These allegations further constitute conclusions of law and/or characterizations of the action, to which no response is required. To the extent a response is deemed required, denied – except with respect to Plaintiffs' averments regarding "similarly situated individuals," which Defendants lack information sufficient to admit or deny.

1594. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit only that Mr. Bosnic and Mr. Shirwa were both previously on the No Fly List and subsequently removed, and that during the periods when Mr. Bosnic and Mr. Shirwa were, respectively, on the No Fly List, their respective statuses were disseminated under limited circumstances to entities authorized to receive TSDB information for official purposes. Otherwise, denied – except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1595. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1596. With respect to the allegations contained in the first sentence, Defendants admit only that the reasonable suspicion standard for inclusion in the TSDB is based on the fact-specific totality of the circumstances related to a given individual; nominations to the TSDB must not be based solely on the individual's race, ethnicity, or religious affiliation, nor solely on beliefs and activities protected by the First Amendment. The allegations contained in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1597. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1598. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1599. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

The unnumbered paragraph following paragraph 1599 is a statement of the relief sought and requires no response. To the extent a response is deemed required, denied.

## COUNT IV

1600-1607. The Court dismissed Count IV of the Second Amended Complaint and no response to these paragraphs is required.

## COUNT V

1608. The foregoing responses are incorporated herein.

1609. These allegations constitute conclusions of law, to which no response is required. To the extent a response is deemed required, denied – except (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments

regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1610. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals." With respect to the remaining allegations in this paragrah, Defendants admit only that the reasonable suspicion standard for inclusion in the TSDB is based on the fact-specific totality of the circumstances related to a given individual; nominations to the TSDB must not be based solely on the individual's race, ethnicity, or religious affiliation, nor solely on beliefs and activities protected by the First Amendment. Otherwise, denied.

1611. These allegations constitute conclusions of law, to which no response is required. To the extent a response is deemed required, denied.

1612. These allegations constitute conclusions of law, to which no response is required. To the extent a response is deemed required, denied.

1613. These allegations constitute conclusions of law and/or characterizations of the action, to which no response is required. To the extent a response is deemed required, denied – except to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges.

1614. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

197

1615. With respect to the allegations contained in the first sentence, Defendants admit only that the reasonable suspicion standard for inclusion in the TSDB is based on the fact-specific totality of the circumstances related to a given individual; nominations to the TSDB must not be based solely on the individual's race, ethnicity, or religious affiliation, nor solely on beliefs and activities protected by the First Amendment. The allegations contained in the second sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – (1) to the extent that this sentence reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1616. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1617. To the extent that the allegations in this paragraph reflect the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. The remaining allegations in this paragraph are vague, compound and ambiguous, and therefore Defendants therefore lack information sufficient to admit or deny them.

1618. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments

198

regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1619. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1620. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

The unnumbered paragraph following paragraph 1620 is a statement of the relief sought and requires no response. To the extent a response is deemed required, denied.

## COUNT VI

1621. The foregoing responses are incorporated herein.

1622. These allegations constitute conclusions of law and/or characterizations of the action, to which no response is required. To the extent a response is deemed required, denied – except to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges.

1623. These allegations purport to characterize or partially quote numerous judicial opinions, to which the Court is respectfully referred for a full and accurate statement of their contents.

1624. With respect to the allegations in the first sentence, Defendants admit only that under CBP Directive No. 3340-049A, the "presence of an individual on a government-operated and government-vetted terrorist watchlist" is sufficient (but not necessary) to create reasonable suspicion or a constitute a national secuirty concern, as requried under this policy for the conduct of an advanced search; otherwise, denied. Defendants deny the allegations in the second sentence.

1625. Defendants admit only that under CBP Directive 3340-049A, in instances in which there is reasonable suspicion of activity in violation of the laws enforced or administered by CBP, or in which there is a national security concern, and with supervisory approval at the Grade 14 level or higher (or a manager with comparable responsibilities), an Officer may perform an advanced search of an electronic device. However, Defendants neither confirm nor deny specific allegations in this paragraph referring to whether Defendants "download and copy the contents of watchlisted individuals' electronic devices and upload those contents to Defendants' watchlisting and intelligence databases," as that information is protected by statute and/or privileges. The remainder of this paragraph represents a legal conclusion, which requires no response. To the extent a response is required, denied.

1626. Defendants neither confirm nor deny the allegations in this paragraph, because whether Defendants use or do not use this information for intelligence is protected by statute and privileges.

1627. To the extent that these allegations purport to characterize or partially quote a judicial opinion, the Court is respectfully referred to that opinion for a full and accurate statement of its contents. The remaining allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges.

1628. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – (1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals," which Defendants lack information sufficient to admit or deny.

1629. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied –(1) to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "other watchlisted individuals," which Defendants lack information sufficient to admit or deny.

1630. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except to the extent that this paragraph reflects the watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges.

1631. Defendants admit only that under CBP Directive 3340-049A, in instances in which there is reasonable suspicion of activity in violation of the laws enforced or administered by CBP, or in which there is a national security concern, and with supervisory approval at the Grade 14 level or higher (or a manager with comparable responsibilities), an Officer may perform an advanced search of an electronic device. If an advanced search is authorized, an Officer is authorized to connect the device to external equipment, through a wired or wireless connection, to review, copy, and/or analyze its contents. To the extent this paragraph refers to specific instances of an advanced search, Defendants neither admit nor deny the allegations, because such information is protected by statute

and privilege. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens, lawful permanent residents, and foreign nationals." Defendants deny the remaining allegations in this paragraph.

## COUNT VII

1632-1641. The Court dismissed Count VII of the Second Amended Complaint and no response to these paragraphs is required.

## COUNT VIII

1642. The foregoing responses are incorporated herein.

1643. These allegations constitute conclusions of law to which no response is required.

1644. The allegations contained in this paragraph are vague, compound and ambiguous, and therefore Defendants lack information sufficient to admit or deny them.

1645. To the extend that these allegations purport to characterize or partially quote a judicial opinion, the Court is respectfully referred to that opinion for a full and accurate statement of its contents. The remaining allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

1646. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

The unnumbered paragraph following paragraph 1646 is a statement of the relief sought and requires no response. To the extent a response is deemed required, denied.

## COUNT IX

1647-1656. Plaintiffs withdrew Count IX and no response to these paragraphs is required. *See* Dkt. No. 52 p. 56.

## COUNT X

1657. The foregoing responses are incorporated herein.

1658. These allegations constitute conclusions of law and/or characterizations of the action, to which no response is required. To the extent a response is deemed required, denied.

1659. These allegations constitute conclusions of law to which no response is required.

1660. These allegations purport to characterize or partially quote numerous judicial opinions, to which the Court is respectfully referred for a full and accurate statement of their contents. The remaining allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

1661. The allegations contained in the first sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied. The allegations in the second sentence are vague, compound and ambiguous, and Defendants therefore lack information sufficient to admit or deny them. With respect to the allegations in the third sentence, the individual capacity Defendants have been dismissed from this action, and no response is required. To the extent a response is deemed required by the remaining Official Capacity Defendants, Defendants again deny that they "have policies and practices that require intrusive religious inquiry of individuals scooped up in watchlisting surveillance." The remainder of the allegations contained in the third sentence are vague, compound and ambiguous, and therefore Defendants therefore lack information sufficient to admit or deny them.

1662. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

1663. Defendants lack sufficient information to admit or deny what an unidentified CBP officer may have said on one occasion. Otherwise, denied.

1664. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except to the extent that this paragraph reflects the

watchlist status of particular individuals, which Defendants neither admit nor deny because that information is protected by statute and privileges

1665. These allegations constitute conclusions of law and/or a statement of the relief sought, to which no response is required. To the extent a response is deemed required, denied.

1666. These allegations constitute conclusions of law and/or a statement of the relief sought, to which no response is required. To the extent a response is deemed required, denied.

The unnumbered paragraph following paragraph 1666 is a statement of the relief sought and requires no response. To the extent a response is deemed required, denied.

## COUNT XI

1667. The foregoing responses are incorporated herein.

1668. These allegations constitute characterizations of the action, to which no response is required.

1669. These allegations constitute conclusions of law to which no response is required.

1670. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1671. The allegations in the first sentence constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied -- except (1) to the extent that this paragraph reflects the watchlist status of Mr. Sulayman, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2) with respect to Plaintiffs' averments regarding "similarly situated individuals," which Defendants lack information sufficient to admit or deny. The allegations in the second sentence also constitute conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information to admit or deny whether Mr. Sulayman is subjectively discouraged from engaging in umrah; otherwise, denied -- except to the extent that this paragraph reflects the watchlist status of Mr. Sulayman, which Defendants neither admit nor deny because that information is protected by

statute and privileges. Defendants lack sufficient information to admit or deny the allegations in the third and fourth sentences of this paragraph.

1672. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

1673. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except to the extent that this paragraph reflects the watchlist status of Mr. Sulayman and/or Mr. Siddiqui, which Defendants neither admit nor deny because that information is protected by statute and privileges.

1674. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

1675. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied

1676. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except to the extent that this paragraph reflects the watchlist status of  Mr. Sulayman, which Defendants neither admit nor deny because that information is protected by statute and privileges.

1677. These allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied – except to the extent that this paragraph reflects the watchlist status of  Mr. Siddiqui, which Defendants neither admit nor deny because that information is protected by statute and privileges.

1678. These allegations constitute conclusions of law and/or a statement of the relief sought, to which no response is required. To the extent a response is deemed required, denied – except to the extent that this paragraph reflects the watchlist status of Mr. Sulayman, which Defendants neither admit nor deny because that information is protected by statute and privileges.

1679. These allegations constitute conclusions of law and/or a statement of the relief sought, to which no response is required. To the extent a response is deemed required, denied – except to the extent that this paragraph reflects the watchlist status of Mr. Siddiqui, which Defendants neither admit nor deny because that information is protected by statute and privileges.

1680. These allegations constitute conclusions of law and/or a statement of the relief sought, to which no response is required. To the extent a response is deemed required, denied – except (1) to the extent that this paragraph reflects the watchlist status of Mr. Sulayman and/or Mr. Siddiqui, which Defendants neither admit nor deny because that information is protected by statute and privileges, and (2)  with respect to Plaintiffs' averments regarding "similarly situated individuals," which Defendants lack information sufficient to admit or deny.

The unnumbered paragraph following paragraph 1680 is a statement of the relief sought and requires no response. To the extent a response is deemed required, denied.

## COUNT XII

1681-1693. The Court dismissed Count XII of the Second Amended Complaint and no response to these paragraphs is required.

## COUNT XIII

1694-1706. The Court dismissed Count XIII of the Second Amended Complaint and no response to these paragraphs is required.

## COUNT XIIV

1707-1718. The Court dismissed Count XIV of the Second Amended Complaint and no response to these paragraphs is required.

The remainder of the Second Amended Complaint is Plaintiffs' Prayer for Relief and no response is required. To the extent a response is deemed necessary, Defendants deny the allegations

contained in the remaining paragraphs of the Second Amended Complaint and aver that Plaintiffs are not entitled to any relief whatsoever. Defendants also deny all allegations in the Second Amended Complaint not expressly addressed.

In addition to the affirmative defenses set forth below, Defendants hereby object that both Plaintiffs' original Complaint and their Amended Complaints, including the currently operative Second Amended Complaint, fail to comply with Local Rule 102, ¶ 2.a, which directs that any pleading adding a party "shall contain the names and addresses of all parties and the county of residence of any Maryland party[.]"  None of the original or amended complaints filed by Plaintiffs contains any addresses for any of the parties. Defendants hereby object on that basis and aver that Plaintiffs should correct their defective pleadings promptly. Should Plaintiffs decline to do so, Defendants respectfully request that any Plaintiff for whom an address is not provided be dismissed from this suit.

### First Defense

Plaintiffs have failed to demonstrate standing.

### Second Defense

Plaintiffs have failed to exhaust administrative remedies to the extent they have not fully utilized the DHS TRIP process.

### Third Defense

Plaintiffs' claims are barred by the statute of limitations to the extent they did not bring suit "within six years after the right of action first accrues." 28 U.S.C. § 2401(a).

### Fourth Defense

Plaintiffs' claims are barred by the doctrine of laches to the extent they unduly delayed in bringing suit for the alleged violations.

**Fifth Defense**

Plaintiffs' claims are barred by the doctrine of unclean hands to the extent Plaintiffs themselves have engaged in conduct contributing to the alleged violations.

WHEREFORE, having fully answered Plaintiffs' Second Amended Complaint, Defendants assert that Plaintiffs are not entitled to the relief requested, or to any relief whatsoever, and request that this action be dismissed in its entirety with prejudice and that Defendants be given such other relief as this Court deems proper, including costs and disbursements.

Dated: October 9, 2020                                          Respectfully Submitted,

                                                                              JEFFREY BOSSERT CLARK
                                                                              Acting Assistant Attorney General
                                                                              Civil Division

                                                                              ROBERT K. HUR
                                                                              United States Attorney

                                                                              ANTHONY J. COPPOLINO
                                                                              Deputy Director, Federal Programs Branch

                                                                              DANIEL SCHWEI
                                                                              Special Counsel

                                                                              _____/s/_____
                                                                              Antonia Konkoly
                                                                              Christopher R. Healy (DC Bar 219460)
                                                                              Trial Attorneys
                                                                              U.S. Department of Justice
                                                                              Civil Division, Federal Programs Branch
                                                                              1100 L St. NW, Room 11110
                                                                              Washington, DC 20005
                                                                              (202) 514-2395 (direct)
                                                                              (202) 616-8470 (fax)
                                                                              antonia.konkoly@usdoj.gov
                                                                              christopher.healy@usdoj.gov

                                                                              *Counsel for the Official Capacity Defendants*