**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| MUTASEM JARDANEH, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 8:18-cv-02415-PX |
| | ) |
| WILLIAM P. BARR, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## RULE 16(B) SCHEDULING ORDER

Upon consideration of the representations made by counsel in their "Proposed Discovery Plan" and "Joint Status Report Regarding Proposed Scheduling Order and Privilege Issues", ECF Nos. 98, 103, and as discussed during the Status Hearing held on December 8, 2020, the Court hereby enters the following Scheduling Order governing discovery, consistent with Fed. R. Civ. P. 16(b).

In this Order, the Court refers to the following twenty named Defendants as the "WLAC Defendants":  the U.S. Department of Justice (DOJ); DOJ's National Security Division (DOJ-NSD); DOJ's Office of Legal Policy (DOJ-OLP); DOJ's Office of Privacy and Civil Liberties (DOJ-OPCL); the Office of the Director of National Intelligence (ODNI); U.S. Citizenship and Immigration Services (USCIS); U.S. Immigration and Customs Enforcement (ICE); DHS's Office for Civil Rights and Civil Liberties (DHS-OCRCL); DHS's Office of Intelligence and Analysis (DHS-OIA); DHS's Office of General Counsel (DHS-OGC); DHS's Office of Strategy, Policy, and Plans (DHS-OSPP); DHS's Privacy Office (DHS-Privacy); U.S. Department of State (DoS); the U.S. Department of Defense (DoD); the National Security Agency (NSA); the Defense

Intelligence Agency (DIA); the U.S. Department of the Treasury (Treasury); Treasury's Financial Crimes Enforcement Network (FinCEN); the Central Intelligence Agency (CIA); and the Watchlisting Advisory Council (WLAC).

The remaining six named Defendants are referred to as the "Merits Defendants": the Terrorist Screening Center (TSC); the Federal Bureau of Investigation (FBI); the Department of Homeland Security (DHS); U.S. Customs and Border Protection (CBP); the Transportation Security Administration (TSA); and the National Counterterrorism Center (NCTC).

## Status Conferences

The Court will conduct periodic status conferences with the parties regarding the progress of discovery.  The dates of those conferences are:

- **Tuesday, March 9, 2021 at 10:00 a.m.**
- **Thursday, May 6, 2021 at 10:00 a.m.**
- **Thursday, June 24, 2021 at 10:00 a.m.**
- **Tuesday, September 14, 2021 at 10:00 a.m.**
- **Tuesday, December 28, 2021 at 10:00 a.m.**

## Plaintiffs' Discovery

**I.      Discovery Regarding the WLAC Defendants**

Plaintiffs are authorized to take jurisdictional discovery against the WLAC Defendants regarding (1) each WLAC Defendant agency's role in creating, approving, and using the Watchlisting Guidance; and (2) each WLAC Defendant agency's access and use of watchlist information and their ability to remove or add individuals to the Terrorist Screening Database (TSDB).  Plaintiffs are not authorized at this stage to take merits discovery against the WLAC Defendants. Regarding jurisdictional discovery, the following rules and limitations shall apply:

A.     **Written Discovery**

    1.     **Interrogatories:**

        a.  **Maximum of Four "WLAC Defendant-Wide" Interrogatories:** Plaintiffs may serve a maximum of four (4) identically phrased interrogatories on all WLAC Defendants.  This limitation applies collectively to all Plaintiffs together, not to each Plaintiff individually. Any sub-part contained within an interrogatory shall be counted as a separate interrogatory under the applicable maximum.

        b.  **Maximum of 20 "WLAC Defendant-Specific" Interrogatories:** Separately, Plaintiffs may serve a cumulative maximum of twenty (20) additional interrogatories, to be allocated among the WLAC Defendants at Plaintiffs' discretion.  This limitation applies collectively to all Plaintiffs together, not to each Plaintiff individually.  Any sub-part contained within an interrogatory shall be counted as a separate interrogatory under the applicable maximum.

    2.     **Requests for the Production of Documents (RPDs):**

        a.  **Maximum of Four "WLAC Defendant-Wide" RPDs:** Plaintiffs may serve a maximum of four (4) identically phrased RPDs on all WLAC Defendants. This limitation applies collectively to all Plaintiffs together, not to each Plaintiff individually.  Any sub-part contained within an RPD shall be counted as a separate RPD under the applicable maximum.

        b.  **Maximum of Twenty "WLAC Defendant-Specific" RPDs:**

Separately, Plaintiffs may serve a cumulative maximum of twenty (20) additional RPDs, to be allocated among the WLAC Defendants at Plaintiffs' discretion. This limitation applies collectively to all Plaintiffs together, not to each Plaintiff individually. Any sub-part contained within an RPD shall be counted as a separate RPD under the applicable maximum.

3.     **Requests for Admission (RFAs):**

The Court will address the issues related to Requests for Admission at the status conference to be held on **March 9, 2021.**

B.   **Depositions:**

With respect to jurisdictional discovery, Plaintiffs are authorized to take one (1) Rule 30(b)(6) deposition, not to exceed five on-the-record hours, of (1) the Terrorist Screening Center (TSC), and (2) the National Counterterrorism Center (NCTC) (which, together, co-chair the WLAC).

C.   **Time Limitations:**

1.     Written jurisdictional discovery shall close on April 23, 2021, *i.e.*, approximately four (4) months after the Court's issuance of the Scheduling Order.

2.     All jurisdictional discovery, inclusive of any depositions, shall close on May 28, 2021, *i.e.*, approximately five (5) months after the Court's issuance of the Scheduling Order.

3.     Following the close of all jurisdictional discovery, within seven days, the parties shall jointly submit a proposed schedule for Defendants' renewed

motion to dismiss regarding the WLAC Defendants.

## II.     Merits Discovery

With respect to the six Merits Defendants, the following rules and limitations regarding discovery shall apply:

### A.     Written Discovery

#### 1.     Interrogatories:

##### a.   Maximum of Fifteen "Plaintiff-Specific" Interrogatories:

Plaintiffs may serve a maximum of fifteen (15) identically phrased interrogatories, seeking information specific to the Plaintiffs, on all Merits Defendants. This limitation applies collectively to all Plaintiffs together, not to each Plaintiff individually.   Any sub-part contained within an interrogatory shall be counted as a separate interrogatory under the applicable maximum.

##### b.   Maximum of Ten "Merits Defendant-Wide" Interrogatories:

Separately, Plaintiffs may serve a maximum of ten (10) additional, and also identically phrased, interrogatories, seeking information that is not specific to the Plaintiffs, on all Merits Defendants. This limitation applies collectively to all Plaintiffs together, not to each Plaintiff individually.   Any sub-part contained within an interrogatory shall be counted as a separate interrogatory under the applicable maximum.

##### c.   Maximum of Twenty "Merits Defendant-Specific" Interrogatories:

Separately, Plaintiffs may serve a maximum of twenty (20) additional, individualized interrogatories to the Merits Defendants, to be allocated among the Merits Defendants at Plaintiffs' discretion.   This limitation

applies collectively to all Plaintiffs together, not to each Plaintiff individually. Any sub-part contained within an interrogatory shall be counted as a separate interrogatory under the applicable maximum.

d. **Maximum of Twenty-Five Discrete Numerical Interrogatories:** Finally, Plaintiffs may serve a maximum of twenty-five (25) additional interrogatories seeking discrete, specific numerical information contained within the Terrorism Screening Database (TSDB). This limitation applies collectively to all Plaintiffs together, not to each Plaintiff individually. Any sub-part contained within an interrogatory shall be counted as a separate interrogatory under the applicable maximum.

2. **Requests for the Production of Documents:**

a. **Maximum of Four "Plaintiff-Specific" RPDs:** Plaintiffs may serve a maximum of four (4) identically phrased RPDs, seeking information specific to the Plaintiffs, on all Merits Defendants. This limitation applies collectively to all Plaintiffs together, not to each Plaintiff individually. Any sub-part contained within an RPD shall be counted as a separate RPD under the applicable maximum.

b. **Maximum of Fifteen "Merits Defendant-Wide" RPDs:** Separately, Plaintiffs may serve a maximum of fifteen (15) additional, and also identically phrased, RPDs, seeking information that is not specific to the Plaintiffs, on all Merits Defendants. This limitation applies collectively to all Plaintiffs together, not to each Plaintiff individually. Any sub-part

contained within an RPD shall be counted as a separate RPD under the applicable maximum.

   c.  **Maximum of Eleven "Merits Defendant-Specific" RPDs:**

Finally, Plaintiffs may serve a maximum of eleven (11) additional, individualized RPDS to the Merits Defendants, to be allocated among the Merits Defendants at Plaintiffs' discretion. This limitation applies collectively to all Plaintiffs together, not to each Plaintiff individually. Any sub-part contained within an RPD shall be counted as a separate RPD under the applicable maximum.

   **3.**  **Requests for Admission: (RFAs):**

Plaintiffs may serve RFAs consistent with Fed. R. Civ. P. 36 and Local Rule 104.1.

**B.**  **Depositions:**

   1.  In furtherance of merits discovery, Plaintiffs are permitted to depose each of the six Merits Defendants once, notwithstanding the WLAC depositions authorized in Part I.B, *supra*.

   2.  The parties agree that these depositions shall not exceed seven (7) on-the-record hours, per deposition.

**C.**  **Time Limitations:**

   1.  Written merits discovery (consisting of interrogatories and RPDs) and deposition discovery are to be bifurcated, with written merits discovery concluding prior to the commencement of depositions. However, the parties are not precluded from taking depositions early if the parties, in their

discretion, mutually agree to do so.  RFAs may be used at any time during the overall discovery period.

2.   With respect to written merits discovery, such discovery shall close on August 13, 2021, *i.e.*, approximately seven-and-a-half months after the Court's issuance of the Scheduling Order.

3.   The merits deposition period shall commence on August 14, 2021, and close on December 31, 2021, *i.e.*, approximately one year after the Court's issuance of the Scheduling Order.

## **Defendants' Discovery**

The following rules and limitations shall apply to Defendants' discovery from Plaintiffs:

## I.   **Written Discovery:**

### A.   **Interrogatories:**

Defendants may serve a maximum of eight (8) interrogatories per Plaintiff.  These interrogatories need not be identically phrased, but this limitation applies collectively to all Defendants together, not to each Defendant individually.  Any sub-part contained within an interrogatory shall be counted as a separate interrogatory under the applicable maximum.

### B.   **Requests for the Production of Documents:**

Defendants may serve a maximum of five (5) RPDs per Plaintiff.  These RPDs need not be identically phrased, but this limitation applies collectively to all Defendants together, not to each Defendant individually.  Any sub-part contained within an

RPD shall be counted as a separate RPD under the applicable maximum.

**C.    Requests for Admission:**

Defendants may serve RFAs consistent with Fed. R. Civ. P. 36 and Local Rule 104.1.

**II.    Depositions**

Defendants may take one (1) deposition, not to exceed seven (7) on-the-record hours, of each Plaintiff.

**III.    Time Limitations**

**A.**    Written discovery (consisting of interrogatories and RPDs) and deposition discovery are to be bifurcated, with written merits discovery concluding prior to the commencement of depositions.  RFAs may be used at any time during the overall discovery period.

**B.**    With respect to written discovery, such discovery shall close on August 13, 2021, *i.e.*, approximately seven-and-a-half months after the Court's issuance of the Discovery Order.

**C.**    The deposition period shall close on December 31, 2021, *i.e.*, approximately one year after the Court's issuance of the Discovery Order.  To the extent all of Defendants' written discovery from Plaintiffs has concluded, Defendants may begin deposing Plaintiffs at any point in the discovery period.

## Expert Discovery

**I.    Expert Disclosures and Reports**

The parties shall disclose any experts who may be called to testify at trial and provide reports called for in Fed. R. Civ. P. 26(a)(2)(B) at least sixty (60) days prior to the close of

discovery, *i.e.*, on or before October 29, 2021.

## II.     Rebuttals

The parties shall disclose any rebuttal experts who may be called to testify at trial and provide reports called for in Fed. R. Civ. P. 26(a)(2)(B) at least thirty (30) days prior to the close of discovery, *i.e.*, on or before November 30, 2021.

## III.    Depositions

Both parties are permitted to depose the other parties' experts.  Such depositions shall occur during the overall discovery period.  These depositions do not count against the total number of depositions permitted to Plaintiffs or Defendants as set forth above.

<u>**Privilege Issues**</u>

To the extent any party intends to assert a claim of privilege or protection as to any material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5).

To the extent it becomes necessary, counsel may submit an agreed protective order concerning the disclosure of information between the parties in discovery, provided that such protective order does not provide for the prospective filing of documents under seal, unless as otherwise permitted by Court order.

On December 22, 2020, the parties made additional arguments related to potential privilege issues (Law Enforcement Privilege, Sensitive Security Information Privilege, and States Secrets Privilege) that may arise.  The Court will take the matter under advisement.  In the interim, should any privilege issues arise, the parties shall comply with the Local Rules governing discovery disputes, including Appendix A and Local Rule 104.7 and Local Rule 104.8.

## Other Issues

### I.   Initial Disclosures

Initial disclosures consistent with Fed. R. Civ. P. 26(a)(1)(A) shall be made no later than twenty-one (21) days after the entry of the Scheduling Order.

### II.   Plaintiffs' Addresses

Consistent with Local Rule 102 ¶ 2.a, Plaintiffs' counsel will provide Defendants' counsel with current addresses for all remaining Plaintiffs in this matter no later than twenty-one (21) days after the entry of the Scheduling Order.  Plaintiff John Doe's address may be provided pursuant to the terms of the Protective Order previously entered, ECF No. 88.

### III.   Electronically Stored Information

The parties will produce discoverable electronically stored information ("ESI") in PDF format.  Unless the parties agree otherwise, producing ESI in native format is unnecessary.  To the extent that the printed or PDF document does not indicate information that may be important (such as the date, location, and specific terminal on which the document was created or modified; the sender and all recipients of electronically transmitted data; and the locations of the terminals on which it is stored), the parties will, upon request related to particular documents and if technologically feasible, determine that information from the electronic document and provide it to the requesting party.

### IV.   Preservation of Information

Counsel for the parties have instructed their clients to retain and preserve documents, information, and things (including ESI) that may be relevant to the subject matter of this lawsuit.

### V.   Service of Documents

All pleadings, motions, and other papers that are filed are to be served electronically as

provided for by the Federal Rules and the Local Rules.  In addition, the parties agree that they will serve by email all discovery requests and written responses and any other papers that are not filed, unless doing so is not technically feasible, in which case those documents will be served via first-class mail or overnight delivery, or other agreed-upon means of delivery.

## VI.  Inadvertent Disclosure

The production of privileged or protected documents (including electronic documents) without the intent to waive that privilege or protection will not constitute a waiver, so long as the disclosing party identifies the inadvertently disclosed documents within a reasonable time. If such documents are identified, they will be returned promptly to the disclosing party.

## VII.  Privileged Communications with or between Counsel

The parties shall not seek discovery of documents that are privileged because they are sent solely between counsel for either party, or that are privileged because they are sent between a party and that party's counsel.  If any discovery request is susceptible of a construction that calls for the production of such documents, those documents need not be produced or identified on any privilege log.

## VIII. Third-Party Documents

If any documents are received from third parties pursuant to subpoena or FOIA request that is relevant to this case, the receiving party shall alert the remaining parties to the receipt of such documents within five days of receipt and shall make the received documents available for inspection and copying.

## IX.  Third-Party Depositions

Each side may take a maximum of ten (10) non-party, non-expert depositions, without

leave of Court.  These depositions may occur at any time in the discovery period.

**X.    Amendment of Pleadings and Joining of Parties**

Any further amendment of Plaintiffs' operative pleading and/or joining of additional parties must be done within 21 days of entry of the Discovery Order.

**SO ORDERED.**

Date: December 23, 2020                    _____/s/_____
                                                      The Honorable Gina L. Simms
                                                      United States Magistrate Judge