IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MUTASEM JARDANEH, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>MERRICK B. GARLAND, *et al.*,<br><br>  Defendants. | Case No. 8:18-cv-02415-PX<br><br>**DEFENDANTS' REPLY IN SUPPPORT OF THEIR MOTION TO BIFURCATE AND DEFER ANY ASSERTION OF THE STATE SECRETS PRIVILEGE, OR IN THE ALTERNATIVE TO EXTEND THEIR DEADLINE TO OPPOSE PLAINTIFFS' MOTION TO COMPEL BY 90 DAYS** |

Defendants' opening memorandum in support of their Motion to Bifurcate and Defer Any Assertion of the State Secrets Privilege (Bifurcation Motion or Mot. To Bif.), Dkt. No. 116, set forth numerous substantive reasons why the Court should bifurcate any assertion of the state secrets privilege over certain information sought by Plaintiffs' pending Motion to Compel (Plaintiffs' Motion to Compel or Plaintiffs' Motion), Dkt. No. 114. Those reasons included that bifurcation would ensure that any state secrets privilege assertion is as narrow as possible, that it would allow discovery disputes to be heard and decided expeditiously, and that it would further the interests of judicial economy. *See id.* at 6-10. Plaintiffs' response fails to engage with—much less dispute—any of those points. *See* Dkt. No. 121 (Plaintiffs' Opposition or Pls.' Opp.). Instead, Plaintiffs improperly bootstrap their own request for an across-the-board four-month discovery extension onto the discrete relief requested by Defendants. For the reasons set forth in Defendants' initial filing and below, the Court should grant the Bifurcation Motion, without condition or alteration of the existing discovery schedule, which remains sufficient to the needs of this case.

-1-

**ARGUMENT**

**I.       The Court Should Bifurcate and Defer Any Consideration of the State Secrets Privilege, or, Alternatively, Extend Defendants' Deadline to Respond.**

As explained in Defendants' opening memorandum, all of the information over which the Government would potentially assert the state secrets privilege in relation to Plaintiffs' pending Motion to Compel is also protected from disclosure by other independent privileges or objections, such as the law-enforcement privilege, the deliberative process privilege, and/or certain statutory privileges, as well as other applicable discovery limitations such as relevance and burden. The potential need for a state secrets assertion will, thus, *only* arise in the event that the Court were to determine that information sought by Plaintiffs' Motion is both required for disposition of this case, and not protected on these other grounds.[1]

As explained, bifurcation and deferment of any assertion of the state secrets privilege is appropriate in the circumstances here presented. First, bifurcation would ensure that the state secrets privilege is asserted only if necessary (and, in that event, as narrowly as possible), deferring a potentially unnecessary "showdown" on the privilege, *United States v. Reynolds,* 345 U.S. 1, 11 (1953), affording proper respect to the "constitutional significance" of the state secrets privilege, and ensuring that it is "asserted no more frequently and sweepingly than necessary," *El-Masri v. United States,* 479 F.3d 296, 303 (4th Cir. 2007); *see* Mot. to Bif. 7-8. Second, by allowing for all applicable privileges and objections (other than a potential state secrets assertion) to be litigated on a

---

[1] Earlier today, Plaintiffs filed a Second Motion to Compel, Dkt. No. 123; *see also* Dkt. No. 120 (April 1, 2021 Order, consolidating briefing on Plaintiffs' first and then-anticipated second Motions to Compel). Plaintiffs' new motion seeks to compel the production of information withheld as, *inter alia*, subject to the law-enforcement privilege as well as classified information—and thus, like the First Motion to Compel, may potentially implicate a state secrets privilege assertion if, and only if, Defendants' other bases for withholding the information are rejected. Accordingly, the relief that Defendants seek through the Bifurcation Motion applies—but is not limited—to both of the first two Motions to Compel that Plaintiffs have filed.

considerably more expedited schedule, bifurcation would facilitate, not delay, the timely progress of discovery. *See id.* 8-9. And third, to the extent that any state secrets assertion may need to be heard by Judge Xinis, bifurcation would further serve the interest of judicial economy by allowing Magistrate Judge Simms to resolve in the first instance the majority (if not entirety) of Defendants' discovery objections. *See id.* 10; Dkt. No. 87 (Referral Order).

For all of these reasons—set forth in greater detail in Defendants' opening memorandum—the Court should order that consideration of Plaintiffs' Motion to Compel (and any future motions as to which a state secrets assertion is potentially applicable) shall proceed in a bifurcated manner, with Defendants initially asserting any and all defenses they believe they have to the motion, other than the state secrets privilege. Plaintiffs do not respond substantively to these arguments, instead relying alone on the contention that bifurcation would prejudice them. *See* Pls.' Opp. at 3-4. As described below, *see infra* Part II, that concern is misplaced.[2]

## II. Bifurcation Would Not Prejudice Plaintiffs, and Does Not Require Any Extension of the Discovery Period.

Plaintiffs' opposition is largely devoted to arguing for a sweeping four-month extension of all discovery deadlines in this case. For the numerous reasons set forth below, this requested extension is not warranted here.

### A. Bifurcation Would Facilitate the Timely Resolution of Privilege Disputes.

As an initial matter, Plaintiffs' argument that they would be prejudiced by bifurcation rests on a mistaken premise, *i.e.*, that bifurcation would necessarily delay resolution of their motion to compel such that a further extension of the discovery period is warranted. To the contrary,

---

[2] Defendants alternatively requested that, in the event the Court declines to bifurcate and defer consideration of any state secrets assertion, it should allow Defendants until July 1, 2021, to oppose Plaintiffs' Motion to Compel. *See* Mot. to Bif. 10-11. Again, Plaintiffs do not dispute that this extension would be appropriate, in order to afford Defendants adequate time in which to prepare and assert all possible defenses, including any potential assertion of the state secrets privilege.

bifurcation ensures that discovery disputes are heard and decided in a timely manner.

If the Court grants the bifurcation motion, Defendants are currently scheduled to file their opposition on April 30, 2021. *See* Dkt. No. 120.

And as Defendants have explained, among the chief reasons they have brought their Bifurcation Motion is that Defendants' independent defenses to the pending Motion to Compel may properly resolve that motion in full—obviating the need for any additional state secrets privilege assertion at all. *See* Mot. to Bif. 7-8. This first round of litigation may itself be dispositive of Plaintiffs' Motion to Compel—and under Defendants' requested bifurcated approach, Plaintiffs' Motion to Compel could be fully resolved two months earlier than in the absence of bifurcation. If the Court rejects the bifurcation motion, however, as noted above, Defendants would need an additional two months (until July 1, 2021) to file their opposition. Thus, granting bifurcation would plainly facilitate timely resolution of—at minimum—the vast majority of Defendants' discovery objections and privilege assertions.

Much of Plaintiffs' Opposition simply assumes that, in the event of bifurcation, final resolution will be delayed because "each discovery dispute will proceed in two multi-month phases." Pls.' Opp. at 3. But that assumption is at best highly speculative. Two rounds of litigation would be necessary if, and only if, (1) the Court determines that Defendants' other discovery objections and privilege assertions do not justify withholding information potentially subject to the state secrets privilege; and (2) after reviewing the information, including in light of the Court's first decision, the appropriate Government officials decide to assert the state secrets privilege over that information. Neither of those contingencies may occur. Indeed, Defendants' position is that all of the information *is* properly withheld on other grounds. Accordingly, these speculative contingencies do not justify rejecting Defendants' bifurcation proposal, let alone fundamentally change the parameters of discovery established by the Scheduling Order. At the very least, even if these contingencies do

occur, bifurcation would ensure that the state secrets privilege assertion is raised with respect to the narrowest category of information possible, and otherwise would allow for prompt disclosure of any categories of information *not* encompassed within any potential state secrets privilege assertion.

In short, bifurcation would *expedite*, not delay, the resolution of discovery disputes, particularly with respect to those portions not subject to the state secrets privilege at all—and thereby provide Plaintiffs with more time for discovery, not less. Bifurcation would thus facilitate the most expeditious final resolution to the Motion to Compel that is possible under the circumstances, and no prejudice would accrue to Plaintiffs.

### B. Plaintiffs Have Not Demonstrated Any Need for a Discovery Extension.

Plaintiffs' alternative request for a broad discovery extension is unwarranted, and—at best—significantly premature. Plaintiffs provide no justification for their requested across-the-board extension of the discovery deadlines by an additional four months (120 days).

First, there is no reason why any of the Watchlisting Advisory Council (WLAC) -related discovery deadlines should be extended based on a pending motion to compel devoted almost entirely to discovery requests directed against the Merits Defendants. Indeed, Plaintiffs have already exhausted their discovery requests against the WLAC Defendants, and Plaintiffs' deadline to serve written jurisdictional discovery against the WLAC Defendants has already expired.[3] But the condition Plaintiffs propose attaching to bifurcation would fully *double* the amount of time that the Court deemed sufficient for jurisdictional discovery's completion, from four to eight months, and

---

[3] Specifically, written jurisdictional discovery closes on April 23, 2021. Shortly before midnight on March 24, 2021—*i.e.*, just minutes away from the expiration of their opportunity to take this variety of discovery—Plaintiffs served more than 40 combined interrogatories and requests for the production of documents on the WLAC Defendants. The WLAC Defendants will respond to these requests on or before April 23, 2021, but strongly object to any extension of this segment of discovery, particularly where Plaintiffs have failed to provide any specific rationale for such an extension.

would needlessly postpone Defendants' jurisdictional motion to dismiss. Plaintiffs thus fail to provide any reasoned basis for the extension of any WLAC-related discovery deadlines.

Conversely, four full months presently remain until the scheduled close of written merits discovery on August 13, 2021. Thus, Plaintiffs' contention that bifurcation will necessarily deprive them of the opportunity "to follow up on any discovery divulged to them as result of a successful motion to compel," Pls.' Opp. 3, is again entirely speculative: indeed, as explained above, bifurcation would facilitate, not impede, that follow-up, by allowing the Court to decide all but the state secrets privilege first. And in Defendants' view, this first round of litigation should resolve the entirety of Plaintiffs' motion. To the extent it does not and the close of written merits discovery (four months from now) would unfairly prejudice Plaintiffs, Plaintiffs are free to make an extension motion at that time. But any such prejudice is entirely hypothetical at this point, and does not justify an across-the-board extension of the already lengthy year-long discovery period established in the Court's Scheduling Order. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); Wright & Miller, *Fed. Prac. & Proc.* § 1522.2 (3d ed. 2020) (discussing the good cause standard and stating that "[a] party's assertion that further discovery is needed, without more, will not suffice").

Finally, the possibility of privilege disputes—in Plaintiffs' view, the inevitability of such disputes—was specifically discussed in connection with the Court's Scheduling Order. *See, e.g.*, Dkt. No. 98 at 20; Dec. 8 Tr. at 77-78. And as Plaintiffs themselves acknowledge, the Court "accommodated the discovery disputes . . . that the parties projected by establishing a one-year discovery period." Pls.' Opp. at 2. Plaintiffs now seek to revisit that determination, not in connection with any extension motion of their own, but by arguing that Defendants' procedural request for sequencing of certain privilege disputes requires an across-the-board four-month extension of all discovery deadlines. Should Plaintiffs desire a discovery extension, they should be

required to make their request by motion, "setting forth the reasoning and authorities in support" thereof. D. Md. Local Civ. Rule 105(I). But at present, Plaintiffs have not identified any reason why the remainder of the discovery contemplated by the Scheduling Order cannot proceed apace in the event of bifurcation, while Defendants simultaneously prepare their Opposition to the pending Motion to Compel. *Cf.* D. Md. Local Civ. Rule 104(3) ("[T]he existence of a discovery dispute as to one (1) matter does not justify delay in taking any other discovery.").

In sum, the discrete relief sought by Defendants' Bifurcation Motion in no way justifies a four-month extension of all discovery deadlines—or indeed, any extension of any discovery deadline—and certainly not with respect to any WLAC-related deadlines. Where Plaintiffs do not dispute that bifurcation is the most efficient path forward, and offer nothing more than speculative assertions in support of their unjustified request for an extension, the Court should grant Defendants' Motion, without condition or alteration of the existing discovery schedule.

## CONCLUSION

For the foregoing reasons, the Court should enter an order bifurcating this discovery dispute (and any future ones), deferring any assertion or consideration of the state secrets privilege until after all other issues regarding the dispute have been resolved. In the alternative, Defendants request to extend their deadline for responding to Plaintiffs' Motion by an additional 90 days, to provide the necessary time for Executive Branch officials to consider whether to assert the state secrets privilege in response to the Motion to Compel.

Dated: April 14, 2021                                    Respectfully Submitted,

                                                         BRIAN M. BOYNTON
                                                         Acting Assistant Attorney General
                                                         Civil Division

                                                         JONATHAN LENZNER
                                                         Acting United States Attorney

                                ANTHONY J. COPPOLINO
                                Deputy Director, Federal Programs Branch

                                */s/ Antonia Konkoly*
                                ANTONIA KONKOLY
                                CHRISTOPHER R. HEALY (DC Bar 219460)
                                REBECCA M. KOPPLIN
                                Trial Attorneys
                                DANIEL SCHWEI
                                Special Counsel
                                U.S. Department of Justice
                                Civil Division, Federal Programs Branch
                                1100 L St. NW
                                Washington, DC 20005
                                (202) 305-8693 (direct)
                                (202) 616-8470 (fax)
                                daniel.s.schwei@usdoj.gov
                                antonia.konkoly@usdoj.gov
                                christopher.healy@usdoj.gov
                                rebecca.m.kopplin@usdoj.gov